## Hower, Appellant, v. Ulrich.

*Trespass—Trover and conversion—Knowledge.*

While a parent is not liable for the independent torts of his child, he is liable for trover and conversion committed by his child, where he has knowledge of the act of conversion, and continues to enjoy the benefit of it.

Defendant was employed to gather corn and store it in plaintiff's barn. The corn was gathered by defendant or his family, and there was evidence that some of his children had carried off part of the corn and put it in his own or his wife's bin. The court charged that "if somebody else carried it (the corn) away, if the children or family of the defendant, and

he was not present and did not aid, abet or counsel them, he would not be guilty. This is an action of trespass, and the defendant must be guilty of the wrongful or tortious act himself, or have advised or assisted in some way, before he can be found guilty." *Held,* that the instruction placed the defendant's liability upon too narrow a basis, and that the jury should have been instructed that if the corn was taken by any of the defendant's family under the circumstances charged, then it was not necessary that he should have been present, or ordered, or aided the taking in any way; if he knew of it, at the time, or afterwards, he was liable for its value in this action.

*Execution—Attachment—Costs—Practice, C. P.*

Judgment was entered against a plaintiff for costs. The amount of the judgment was then attached in his hands by a creditor of the defendant. After the date of the attachment, defendant issued a fi. fa. Subsequently the attachment was set aside. *Held,* that the levy on the fi. fa. should have been set aside, as it had been oppressively issued when plaintiff was in no default, and the subsequent discontinuance of the attachment did not cure the original wrong.

Argued May 23, 1893. Appeal, No. 381, Jan. T., 1893, by plaintiff, A. D. Hower, from judgment of C. P. Northumberland Co., Dec. T., 1891, No. 7, on verdict for defendant, David Ulrich. Before Sterrett, C. J., Williams, Mitchell, Dean and Thompson, JJ.

Appeal from justice of peace. Plea, not guilty.

At the trial, before Savidge, P. J., it appeared that plaintiff employed defendant to cultivate his farm. Plaintiff claimed that defendant had no interest in the grain, but was to place it in plaintiff's granary and cribs. There was evidence that during the fall of 1890 defendant and his wife and children husked the corn, and that some of the family hauled a portion of it to the crib of defendant or his wife.

The court charged in part as follows:

" If you find that the defendant did haul this corn from the Hower farm to the Ulrich crib, as contended for by the plaintiff, then your verdict ought to be for the plaintiff. If, on the other hand, you find the contention of the defendant correct and he did not carry away the corn of Mr. Hower, then your verdict ought to be for the defendant. It is contended that this Ulrich property and crib belonged not to David Ulrich but to Margaret. Now if the defendant carried away the corn to the crib, or assisted, aided or abetted in carrying it away, or

directed it to be carried away, it makes no difference whether it was carried to Margaret Ulrich's crib or not, the plaintiff would be entitled to recover. · [But if somebody else carried it away, if the children, or family, or any of the children or family of the defendant, and he was not present and did not aid, abet or counsel, then of course he would not be guilty. This is an action of trespass, and the defendant must be guilty of the wrongful or tortious act himself or have advised or assisted in some way before he can be found guilty.] [3] . . . .

" If these children were in his employ and he knew of it and he countenanced it and directed it, he would be responsible, even though he was not on the ground himself."

Verdict and judgment for defendant.    Plaintiff appealed.

After judgment was entered against plaintiff for costs, the amount of the judgment was attached in his hands by a creditor of defendant.    After the date of the attachment, defendant issued a fi. fa.    Subsequently the attachment was discontinued. Prior to the discontinuance of the attachment a rule was taken to show cause why the fi. fa. should not be set aside.    The court discharged the rule. [4]

*Errors assigned* were (3) instructions, in brackets, quoting them ; (4) discharge of above rule.

*S. B. Boyer* and *A. D. Hower*, for appellant, cited : On question of conversion: Nieman v. Ward, 1 W. & S. 68 ; Heilbruner & Co. v. Wayte, 51 Pa. 259 ; Parker v. Donaldson, 6 W. & S. 137 ; Lowry v. Reed, 59 Pa. 425 ; McClung v. Dearborne, 134 Pa. 396 ; Kerns v. Piper, 4 W. 222 ; Washington Mutual Ins. Co. v. Rosenberger, 3 W. N. 16, s. c., 33 Leg. Int. 338.   On effect of attachment : Kase v. Kase, 34 Pa. 131 ; Childs v. Digby, 24 Pa. 23 ; Breading v. Siegworth, 29 Pa. 399 ; Prescott v. Otterstatter, 85 Pa. 538 ; Budd v. P. & R. R., 102 Pa. 220 ; act of June 16, 1836, P. L. 768.

*Lorenzo Everitt*, for appellee, cited, on question of conversion: Yerger v. Warren, 31 Pa. 319 ; Ry. v. Donahue, 70 Pa. 119.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1893 :

The learned judge instructed the jury that " if somebody else

carried it (the corn) away, if the children or family of the defendant, and he was not present and did not aid, abet or counsel them, of course he would not be guilty. This is an action of trespass, and the defendant must be guilty of the wrongful or tortious act himself, or have advised or assisted in some way before he can be found guilty." This would have been entirely correct if the trial had been, as under the evidence it might well have been, on an indictment for larceny by bailee, but in a civil action for damages it put the defendant's liability on too narrow a basis. By his contract defendant was to gather the corn and put it in plaintiff's barn. The corn was gathered by defendant or his family, and there was evidence that some of them had carried off part of it and put it in his own, or his wife's bin. Whether he was present or not was disputed, and the learned judge charged as already quoted that if "he was not present and did not aid, abet or counsel" he was not liable. Later on the charge was qualified somewhat in this respect by the direction that "if these children were in his employ and he knew of it, and he countenanced it and directed it, he would be responsible, even though he was not on the ground himself." But even this was much too narrow a basis for liability. A man cannot keep and use another's stolen corn, and avoid liability for its value by saying that he did not know of, or countenance, or direct the stealing of it. It he knew at any time, he became immediately responsible, and the presumption in the present case is that he did know. His children, several of them under age, were doing his work, by his orders, and, to some extent at least, in his personal presence. It is highly improbable that they would have hauled the corn to his bin without his knowledge and sanction, at least. The circumstances give rise to a strong presumption that what they did was by his orders. It is true that a master, and even a parent, is not liable for the independent torts of his servant, or child, but for his own trespass only, but, as said by our brother WILLIAMS in McClung v. Dearborne, 134 Pa. 396, this general doctrine must not be taken too literally. And in Strohl v. Levan, 39 Pa. 177, it was said by THOMPSON, J.: "The son was driving and the father, the defendant, was riding. The latter made no objection or endeavor to control his son, and, if he did not, it was a presumption which a jury might well make, and which I think they

were bound to make, that he assented to what was done in the management of the team which did the injury, and therefore was answerable." See also Beedy v. Reding, 16 Maine, 362, a very analogous case to the present. The jury should have been instructed that if the corn was taken by any of the defendant's family under the circumstances charged, then it was not necessary that he should have been present, or ordered, or aided the taking in any way. If he knew of it, at the time or afterwards, he was liable for its value in this action.

There was also error in not setting aside the levy on the fi. fa. and relieving the appellant from the costs of it. There was an outstanding attachment, prior to this levy, which appellant was not bound at his own risk to disregard. The fi. fa. was oppressively issued when appellant was in no default, and the subsequent assignment and discontinuance of the attachment did not cure the original wrong.

Judgment reversed and venire de novo awarded.