## Commonwealth v. Stahl

*William S. Kieser,* for Commonwealth.
*H. William Koch,* for defendant.

GREEVY, *J.*, August 13, 1979—After a jury trial, defendant was convicted on May 17, 1979, of homicide by vehicle and driving under the influence of alcohol. Defendant's motions in arrest of judgment and for a new trial are the subject of this opinion.

Defendant challenges the sufficiency of the evidence in support of both of his post-verdict motions. Defendant in his brief incorrectly states the law: "No longer is the court required to consider the evidence in the light most favorable to the verdict winner, but rather the court must view all the evidence: Ditz v. Marshall, Pa. Super. 393 A. 2d 701 (1978)." (Brief p. 4) Recent Pennsylvania Supreme Court decisions reveal that the evidence must still be viewed favorably to the verdict winner.

"In evaluating the sufficiency of the evidence, the test is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt." Com. v. Waldman, 484 Pa. 217, 398 A. 2d 1022, 1024-1025 (1979) (emphasis added; citations omitted); Com. v. Smith 484 Pa. 70, 398 A. 2d 948, 949 (1979) (emphasis supplied; citations omitted).

"Moreover, in applying this test, the entire trial record must be evaluated and all evidence actually received must be considered." Com. v. Waldman, supra.

The evidence in this case reveals that defendant had been drinking both whiskey and beer prior to the accident. When the police arrived at the scene of the fatal accident, they discovered several empty beer cans just outside the cab of the truck.

Additionally, the police noticed that defendant's speech was slurred and his breath contained the odor of alcohol. Subsequent blood testing revealed that defendant had 0.20 percent alcohol by weight in his blood. This is double the amount of alcohol in a person's blood which raises a statutory presumption "that defendant was under the influence of alcohol." 75 Pa.C.S.A. §1547(d)(3).

The difficulty defendant experienced in driving his truck immediately before the accident as well as the occurrence of the fatal accident itself provided additional and sufficient evidence to the jury that defendant was under the influence of alcohol to such an extent that he was "incapable of safe driving." 75 Pa.C.S.A. §3731(a)(1). Therefore we find the evidence was sufficient for the jury to convict defendant of violating 75 Pa.C.S.A. §3731, driving under the influence of alcohol or controlled substance.

Defendant was also convicted of homicide by vehicle based upon the fatality which occurred because of his violation of 75 Pa.C.S.A. §3731. Homicide by vehicle:

"Any person who unintentionally causes the death of another person while engaged in the violation of any law of the Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death." 75 Pa.C.S.A. §3732.

The evidence proved that defendant's passenger died as a direct result of defendant's inability to drive safely because of his voluntarily induced intoxicated state. Defendant admitted he was exceeding the speed limit when he lost control of his

rig. Further evidence showed that the truck skidded almost 1,000 feet, turning over on its side during the accident. Thus there was sufficient evidence to support the jury's verdict that defendant's violation of section 3731 (driving under the influence of alcohol) was the proximate cause of the fatal accident which killed defendant's passenger.

Defendant's second argument in support of his post-verdict motions is a challenge to the constitutionality of the homicide by vehicle statute. Defendant's initial constitutional challenge was summarily rejected by the Honorable Thomas C. Raup in his opinion of May 4, 1979. Defendant acknowledges that there are no appellate court decisions concerning the constitutionality of this relatively new statute. We recognize that several common pleas courts have found this statute unconstitutional and others have interpreted it to require a form of mens rea (gross negligence or recklessness) before conviction under it would be constitutionally permissible. See Com. v. Barone, 104 Montg. 341 (1978); Com. v. Serucsak, 101 Dauph. 50 (1979); Com. v. Burt, No. 449-1978, 37th Judicial Branch, Warren County Branch (March 19, 1979). However, we are not persuaded by these decisions.

"As we proceed to consider the various constitutional challenges raised herein it must be remembered that a legislative enactment enjoys a presumption in favor of its constitutionality and will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution. All doubts are to be resolved in favor of a finding of constitutionality." Parker v. Children's Hospital of

Philadelphia, 483 Pa. 106, 116, 394 A. 2d 932, 937 (1978) (citations omitted); accord 1 Pa.C.S.A. §1922(3).

Defendant has failed to present to this court any appellate decision which holds that some type of mens rea is required before an individual may be constitutionally convicted of the violation of a statute which does not require mens rea. The Criminal Instructions Subcommittee draft jury instruction for homicide by vehicle contains no reference to any mens rea requirement expressed, implied, or constitutionally necessary, for conviction of homicide by vehicle. See Subcommittee Draft, Pennsylvania Standard Jury Instructions (July 29, 1977).

In his treatise, Pennsylvania Vehicle Code Annotated, Milford J. Meyer explains that 75 Pa.C.S.A. §3732, homicide by vehicle "creates a new and lesser crime since recklessness or gross negligence is not required to be proved. Mere violation of any law or municipal ordinance is sufficient. . . ." Pennsylvania Motor Vehicle Code Annotated, Meyer, ch. 37, pp. 14-15 (1978).

The common pleas decisions that defendant cites in support of either his constitutionality issue or his statutory interpretation requiring an implied mens rea to be added to the statute discuss other state's statutes concerning homicide by vehicle. Because most other states have incorporated some form of mens rea requirement into their homicide by vehicle statutes, these courts have held that it is their duty to supply a mens rea requirement that our legislature chose to leave out.

"The collective wisdom of the states' experiences demonstrates that some degree of culpability is pre-

ferable. The Pennsylvania Vehicle Code cannot be interpreted in a vacuum when the express and explicit purpose of the code's enactment was to produce uniformity." Com. v. Barone, 104 Montg. 341, 344 (1978).

Although this court might agree that it would have been wiser and more just for the legislature to require some form of mens rea as an element of the crime of homicide by vehicle, we are not at liberty to substitute our judgment for that of the legislature.

"(T)he power of judicial review must not be used as a means by which the courts might substitute its judgment as to public policy for that of the legislature." Parker v. Children's Hospital of Philadelphia, Pa., supra (citations omitted).

The Pennsylvania Superior Court noted that the new homicide by vehicle statute might change the former law so that an individual causing a person's death as a result of violating a law or ordinance might be convicted with no proof of culpability: Com. v. Trainor, 252 Pa. Superior Ct. 332, 337, n. 4, 381 A. 2d 944 (1977). We find that this was the intent of the legislature. See 1 Pa.C.S.A. §1921(b). We hold that the homicide by vehicle statute is constitutional.

Since this court has held that mens rea is neither a constitutionally nor statutorily required element of homicide by vehicle, defendant's points for charge requesting instructions concerning mens rea were properly denied. Thus defendant's arguments concerning his points for charge which were refused are rejected.

• • •

In accordance with the foregoing opinion we enter the following

## ORDER

And now, August 13, 1979, defendant's post-verdict motions are denied, defendant is directed to appear on October 8, 1979, at 1:30 p.m. in Court Room No. 1 of the Lycoming County Court House, Williamsport, Pa., for sentencing.

The Pennsylvania Board of Probation and Parole is requested to do a pre-sentence investigation and file a report with this court within 30 days.