445 A.2d 809

**Michael M. CIANCI and Mary E. Cianci, Appellants,**

v.

**Ralph BURWELL, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 25, 1982.

Filed May 14, 1982.

---

Eugene A. Spector, Philadelphia, for appellants.

Edward J. Marcantonio, Philadelphia, for appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

WIEAND, Judge:

On November 11, 1974, Michael M. Cianci was a passenger in a vehicle being operated by John Fritz in a northerly direction on Roosevelt Boulevard in Philadelphia. As the vehicle slowed for a traffic signal at Comly Road, it was struck in the rear by a vehicle being operated by Ralph Burwell. An action in trespass to recover for injuries sustained by Cianci was commenced against Burwell and, upon trial before a jury, produced a verdict for the defendant. A motion for new trial on the grounds that the verdict was

against the weight of the evidence was denied, judgment was entered on the verdict, and this appeal followed.

A new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion. Neither should it ordinarily be granted on the ground that the verdict was against the weight of the evidence where the evidence is conflicting and the jury could have found for either party. *Burrell v. Philadelphia Electric Co.*, 438 Pa. 286, 289, 265 A.2d 516, 518 (1970); *Carroll v. Pittsburgh*, 368 Pa. 436, 445–46, 84 A.2d 505, 509 (1951); *Denby v. North Side Carpet Cleaning Co.*, 257 Pa.Superior Ct. 73, 79, 390 A.2d 252, 255 (1978). A new trial should be awarded on the ground that the verdict was against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice, and the award of a new trial is imperative so that right may be given another opportunity to prevail. *Burrell v. Philadelphia Electric Co., supra; Denby v. North Side Carpet Cleaning Co., supra. See also Brown v. McLean Trucking Co.*, 434 Pa. 427, 429–30, 256 A.2d 606, 607 (1969); *Jones v. Williams*, 358 Pa. 559, 564, 58 A.2d 57, 60 (1948).

"The grant of a new trial is within the sound discretion of the trial judge, who is present at the offering of all relevant testimony, but that discretion is not absolute; this Court will review the action of the court below and will reverse if it determines that it acted capriciously or palpably abused its discretion." *Austin v. Ridge*, 435 Pa. 1, 4, 255 A.2d 123, 124 (1969). *See also Burrell v. Philadelphia Electric Co., supra* 438 Pa. at 288–89, 265 A.2d at 517.

Appellee argues that the mere happening of a rear end collision does not constitute negligence as a matter of law on the part of the operator of the vehicle in the rear. This, of course, is correct. The burden is on the plaintiff to prove such negligence. *Cirquitella v. C. C. Callaghan, Inc.,*

331 Pa. 465, 200 A. 588 (1938); *Floravit v. Kronenwetter*, 255 Pa.Superior Ct. 581, 389 A.2d 130 (1978). However, the manner in which an accident occurs is a circumstance to be considered in determining the issue of negligence. Where, as here, a vehicle has been struck in the rear while slowing for a traffic signal, there is an inference to be drawn that the driver of the offending vehicle either was not sufficiently vigilant or failed to have his vehicle under such control that he could bring it to a stop within the assured clear distance ahead. *See Antolik v. Kerstetter*, 278 Pa.Superior Ct. 55, 419 A.2d 1353 (1980). *See also Eckels v. Klieger*, 205 Pa.Superior Ct. 526, 210 A.2d 899 (1965); *Meek v. Allen*, 162 Pa.Superior Ct. 495, 58 A.2d 370 (1948).

In the instant case, the defendant-appellee's own testimony confirmed his negligence. His explanation for the accident was as follows:

Well, as he was approaching an intersection, I believe he could have made the green light. But he stopped suddenly, and that is what made me run into the back of his car . . . .

The plaintiff-appellant was a guest passenger, and there was no evidence from which a finding of contributory negligence could have been made. It is difficult to comprehend, therefore, how a jury could have returned a verdict for the defendant-appellee. Such a verdict is truly shocking to one's sense of justice; and the trial court abused its discretion when it refused to award a new trial.[1]

Reversed and remanded for a new trial.

1. We express no opinion regarding the nature or extent of the personal injuries, if any, caused to plaintiff-appellant as a result of the accident. It may be, as appellee contends, that the jury disbelieved appellant's evidence regarding back injury and cervical strain. However, he "was nevertheless entitled to recover the expenses he incurred for medical examinations to determine whether he had been injured in the accident." *Macina v. McAdams*, 280 Pa.Superior Ct. 115, 120, 421 A.2d 432, 434 (1980). He was also entitled to recover the value of or cost of replacing his false teeth which, without contradiction, were broken in the accident.