489 A.2d 243

**Robert Ellis BURTON**

**v.**

**John E. BOLAND, Individually and trading as Condominium Development Corporation, d/b/a Hill Cafe Apartments, also trading as Winters-Boland Agency, 4401 Linglestown Rd., Harrisburg, PA.**

**Appeal of CONDOMINIUM DEVELOPMENT CORPORATION.**

Superior Court of Pennsylvania.

Submitted Aug. 14, 1984.

Filed March 1, 1985.

Roger M. Simon, Harrisburg, for appellant.

William J. Fulton, Harrisburg, for appellee.

Before WICKERSHAM, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in granting a new trial. We agree and, accordingly, reverse.

Between January and April, 1978, appellant, John Boland, and appellee, Robert Burton, an architect, met several times to discuss the renovation of a piece of property owned by Condominium Development Corporation, a corporation owned by appellant and his wife. Appellee agreed to perform certain services in order to prepare for the renovations. When his bills for those services were not paid, appellee brought this action in assumpsit against Condominium Development Corporation and appellant, individually, for $4,894.05. Following a trial on December 5 and 6, 1979, a jury returned a verdict for appellee against Condominium

Development Corporation in the amount of $2,500. On December 17, 1979, appellee filed a motion for a new trial. On June 13, 1983, the lower court granted that motion, finding that (1) appellant had not disclosed that he was acting as an agent for Condominium Development Corporation when appellee was hired and therefore appellant was personally liable, and (2) Condominium Development Corporation was a "shell" and therefore the corporate entity should be disregarded in the interest of justice. This appeal followed.

■ While the grant of a new trial is within the sound discretion of the trial judge, that discretion is not absolute; an appellate court will review the action of the court below and reverse if it determines that the court below acted capriciously or palpably abused its discretion. *Austin v. Ridge*, 435 Pa. 1, 4, 255 A.2d 123, 124 (1969); *Cianci v. Burwell*, 299 Pa.Superior Ct. 387, 390, 445 A.2d 809, 810 (1982); *Bertab, Inc. v. Fox*, 275 Pa.Superior Ct. 76, 79, 418 A.2d 618, 620 (1980).

> A trial judge will be held to have abused his discretion when he grants a new trial merely because he would have arrived at a different conclusion on the facts of the case than that reached by the jury. *Austin v. Ridge, supra;* see *Carroll v. Pittsburgh*, 368 Pa. 436, 445–46, 84 A.2d 505, 509 (1951); .... Thus a trial judge should only grant a new trial when the jury's verdict is so contrary to the evidence as to shock his sense of justice and a new trial is necessary to rectify the situation. *Austin v. Ridge, supra; Ditz v. Marshall*, 259 Pa.Super. 31, 393 A.2d 701 (1978). In reviewing the grant of a new trial, the appellate court looks to all of the evidence. *Ditz v. Marshall, supra.*

*Bertab, Inc. v. Fox, supra*, 275 Pa.Superior Ct. at 79, 418 A.2d at 620 (citation omitted).

■ Here, the court below correctly stated the law when it held that an agent who enters into a contract without disclosing that he is acting for a principal is personally liable on the contract. *See Revere Press v. Blumberg*, 431

Pa. 370, 246 A.2d 407 (1968); *Dwyer v. Rothman,* 288 Pa.Superior Ct. 256, 431 A.2d 1035 (1981). However, we disagree with the finding of the court below that "no such disclosure had been made." (Lower Court Opinion at 5).

At trial, appellee testified that appellant had not disclosed his agency when appellee agreed to perform the services, and that he had always dealt with appellant as an individual. (N.T. December 5, 1979 at 33, 35). He said that he was unaware of the existence of Condominium Development Corporation until August, 1978 when appellant requested that appellee send his bills to the corporation (*Id.* at 28, 63). He also testified that he did not become fully aware that appellant claimed to be acting on behalf of Condominium Development Corporation until he received a letter from appellant on corporate stationary in December, 1978 in which appellant said that the corporation might be unable to pay appellee's bills. (*Id.* at 31–32).

Appellant, on the other hand, testified that he had disclosed that Condominium Development Corporation owned the property being renovated when he and appellee first met to discuss the project. (*Id.* at 69–70). He also introduced into evidence two letters addressed to appellee and signed by appellant as president of Condominium Development Corporation. The first, dated March 10, 1978, authorized appellee to begin working on a survey of the project. (*Id.* at 77). The second letter, dated May 14, 1978, requested appellee to change the mailing address for Condominium Development Corporation. (*Id.* at 80). Although appellant's secretary testified that she typed and mailed both letters, N.T. December 6, 1978 at 130–32, appellee denied having received them. (N.T. December 5, 1978 at 41–42). Appellee did admit that he received a copy of the deed to the property, although he denied that it disclosed the owner's identity. (*Id.* at 62–63). Appellant, however, introduced into evidence a copy of the deed listing Condominium Development Corporation as the owner. (N.T. December 6, 1978 at 128–29).

■ In order to find that Condominium Development Corporation was solely liable to appellee, the jury must have believed appellant's assertion that he had disclosed his agency.* We find that this result was supported by the evidence and did not warrant the grant of a new trial.

■ The court below also found that Condominium Development Corporation was a "shell" and should therefore be disregarded in the interest of justice. (Lower Court Opinion at 6).

> The law is well settled in this Commonwealth as to when the corporate existence may be denied. As this court held in *Sams v. Redevelopment Authority,* 431 Pa. 240, 244, 244 A.2d 779, 781 (1968): "The corporate entity or personality will be disregarded *only* when the entity is used to defeat public convenience, justify wrong, protect fraud or defend crime. ...
>
> "In applying this test, however, any court must start from the general rule that the corporate entity should be recognized and upheld unless specific, unusual circumstances call for an exception.... Care should be taken on all occasions to avoid making 'the entire theory of the corporate entity * * * useless.' " *Zubik v. Zubik,* 384 F.2d 267, 273 (3d Cir.1967) (citations omitted).

*Wedner Unemployment Compensation Case,* 449 Pa. 460, 464, 296 A.2d 792, 794–95 (1972) (citations omitted). Furthermore, "[e]ven when a corporation is owned by one person or family, the corporate form shields the individual members of the corporation from personal liability and will be disregarded only when it is abused to permit perpetration of a fraud or other illegality." *Kellytown Co. v. Williams,* 284 Pa.Superior Ct. 613, 623, 426 A.2d 663, 668 (1981); *see also Barium Steel Corp. v. Wiley,* 379 Pa. 38, 47, 108 A.2d 336, 341 (1954). Here, no fraud or illegality

---

* This conclusion is buttressed by the fact that the jury awarded appellee only $2,500 rather than the $4,898.05 he had requested, apparently relying upon appellant's testimony that he had only agreed to pay appellee $2,000 to $2,500 for his services. Thus, the jury appears to have found appellant's evidence more credible than appellee's throughout the trial.

has been alleged, and we therefore find that the court below abused its discretion in disregarding the corporate entity.

For the foregoing reasons, the order of the court below granting a new trial is reversed.

Reversed.