590 A.2d 20

**Mary Jean HOUSEKNECHT and Donald Houseknecht**

v.

**Quentin R. WALTERS, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 11, 1990.

Filed April 30, 1991.

David W. Saba, Wilkes–Barre, for appellant.

Richard Rubin, Philadelphia, for appellees.

Before MONTEMURO, TAMILIA and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from a May 25, 1990 order granting the motion for a new trial of appellees, Mary and Donald Houseknecht. Appellant, Quentin R. Walters, argues that the trial court erred in granting appellees a new trial because the evidence adduced at trial supported the jury's verdict. We affirm.

On March 13, 1984, an accident occurred in which appellant's vehicle struck from behind appellees' vehicle, which was being driven by appellee Mary Houseknecht. On May 31, 1985, appellees filed a negligence suit against appellant.

A jury trial was initiated on February 27, 1989. On March 3, the jury returned its verdict in favor of the defendant. Appellees filed post-trial motions for judgment notwithstanding the verdict (j.n.o.v.), and a new trial. On May 25, 1989, the trial court entered its order denying the motion for j.n.o.v. and granting appellees a new trial. It is from this order that appellant timely appeals.[1]

The evidence adduced at trial revealed the following uncontroverted facts. The accident occurred at approximately 12:15 p.m. on Market Street, a highway in the borough of Kingston, Luzerne County. At the time of the accident, the highway consisted of two westbound and two eastbound lanes, separated by an emergency lane in the center. *See* Plaintiff's Exhibit 1. There were also curb lanes on both sides of the highway. *Id.* The speed limit at the time the accident occurred was 35 miles per hour (mph). *See* R.R. at 677a. The road conditions were snowy or slushy. *Id.* at 604a–605a. Appellant's vehicle rear-ended appellees' vehicle, and the vehicles came to rest with appellant's vehicle positioned directly behind appellees' vehicle, the wheels of which were slightly pushed into the emergency lane separating the westbound lanes from eastbound traffic. *See* N.T. February 27, 1989 at 85–86. Appellees' vehicle sustained significant damage. *See* Plaintiff's Exhibits 1 and 2. Appellant moved the vehicles from the highway before the police arrived. *Id.* at 37. There were no skid marks. *See* N.T. February 27, 1989 at 87.

The parties' accounts of the details of the accident itself differ significantly. Appellant testified that immediately before the accident occurred, he was traveling in the left lane of the highway at approximately 20 mph. *See* N.T. February 27, 1989 at 580. According to appellant, at the time the accident occurred appellees' vehicle was traveling at the same speed approximately 45 to 50 feet in front of him in the right lane. *Id.* at 579. Appellant stated that

1. Although appellant took this appeal from the trial court order granting appellees a new trial and denying his motion for j.n.o.v., appellant does not raise the j.n.o.v. issue in his brief. Accordingly, we will not address it here.

Mrs. Houseknecht suddenly skidded into his lane at a 45 degree angle, *id.* at 580, 607, that he immediately braked to avoid colliding with her, *id.* at 580, but that he slid approximately 20 feet in a "split second" before he hit her. *Id.* at 627, 619.

Mrs. Houseknecht testified that she and appellant were both traveling in the left lane at 20–25 mph. *Id.* at 84, 88. According to Mrs. Houseknecht, immediately before the accident occurred she braked and slightly skidded onto the emergency median in order to avoid a snowplow which appeared to be edging into her lane. *Id.* at 82. She further stated that appellant's vehicle then struck her from behind. *Id.*

Officer Paul Roberts, who filed a police report of the incident, presented his report and testified at trial. When he arrived, the vehicles were on the side of the road. *Id.* at 31. Officer Roberts interviewed the parties at the scene. Mrs. Houseknecht's version of the accident was consistent with her trial testimony. *Id.* at 32, 82. Appellant, however, made no mention to the officer that Mrs. Houseknecht had skidded into his lane. In addition, contrary to his trial testimony, appellant told the officer that the vehicles had been in the same lane when the incident occurred. *Id.* at 36. The jury was charged and returned a verdict in favor of appellant. Following post-trial motions, however, the trial court found the verdict to be contrary to the weight of the evidence, and granted appellees' motion for a new trial.

The trial court explained the basis for this conclusion in its opinion, as follows:

Our review of [appellant's] testimony creates a scenario that this was a split-second mishap during which he asserts [appellee] skid in front of him. [Appellant] asserts that he had no time to react. Converse to that view, however, is his testimony that he was 45 to 50 feet behind [appellee] and that the parties were traveling at a static speed well under the speed limit. [Appellant] further testified that he slid only one to two car lengths prior to striking [appellee's] vehicle.

We find it hard to logically accept that a motor vehicle 45 to 50 feet behind another, traveling only 20 miles per hour and confronted with a vehicle swerving in front of him, does not have the time to react to avoid the collision. The testimony further contradicts [appellant's] answers to interrogatories which are found in the court record indicating that he skidded straight ahead prior to striking the [appellee's] vehicle....

The physical evidence presented also convinces us that the impact occurred in a straight line fashion. The cars came to rest in the same lane without [appellee's] vehicle being pushed in a counterclockwise direction as would be indicated if it crossed in front of [appellant's] vehicle at a 45 degree angle.

Further, we believe that the miscarriage of justice that occurred herein created by the jury's confusion over the factual record also relates to their understanding of the applicable law concerning the clear distance ahead rule. The doctrine is codified at 75 Pa.C.S.A. § 3361 as follows:

"No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead rule."

Based on the facts presented in this record, the jury should have determined that [appellant] failed to operate his vehicle at a speed and with such control that he could have stopped within the assured clear distance ahead. As a consequence of this finding, [appellant] should have been adjudged negligent as a matter of law....

What is clear to this Court is that the jury placed inordinate emphasis on the possibility of a sudden emergency confronting [appellant] and overlooked the determinative application of the assured clear distance ahead rule. The jury further, in pursuance of its view that a sudden emergency existed, disregarded [appellant's] inconsistent and implausible testimony as to the occurrence

of the accident, and disregarded the testimony of the investigating officer who appeared at the scene of the accident and who prepared the Police Accident Report. Trial Court Opinion, May 25, 1990 at 4–5. Thus, the trial court based its decision to grant appellees a new trial on its determination that appellant's testimony was inconsistent with evidence of record concerning the circumstances of the accident.

Appellant's first argument is that because the evidence adduced at trial supported the jury's verdict, the trial court erred in granting appellee a new trial. The decision whether to grant a new trial is within the discretion of the trial court, and that court's decision will be overturned on review only if we determine that the court acted capriciously or palpably abused its discretion. *Thompson v. City of Philadelphia*, 507 Pa. 592, 493 A.2d 669 (1985); *Burton v. Boland*, 339 Pa.Super. 444, 489 A.2d 243 (1985); *see also Buck v. Scott Tp.*, 325 Pa.Super. 148, 472 A.2d 691 (1984). Furthermore, Pennsylvania courts will not grant a new trial on the basis of weight of the evidence issues unless the evidence supporting the verdict is so inherently improbable or at variance with admitted or proven facts or with ordinary experience as to render the verdict shocking to the court's sense of justice. *Thompson v. City of Philadelphia, supra; see also Giovanetti v. Johns–Manville Corp.*, 372 Pa.Super. 431, 539 A.2d 871 (1988); *S.N.T. Industries, Inc. v. Geanopulos*, 363 Pa.Super. 97, 525 A.2d 736 (1987). The reason for granting a new trial when the verdict is contrary to the weight of the evidence is to give right another opportunity to prevail. *Thompson v. City of Philadelphia, supra.*

Here, after carefully reviewing the record, the parties' briefs, and the trial court opinion, we cannot conclude that the trial court abused its discretion in finding that appellant's testimony was so internally inconsistent and at such a variance with the physical evidence and uncontroverted facts proven at trial as to justify the grant of a new trial. First, as the trial court noted, appellant's character-

ization of the manner in which the accident occurred was implausible. Appellant claimed that the parties were 45–50 feet apart and in separate lanes before the accident occurred, and the parties' vehicles were traveling at approximately 20–25 mph before the collision. A driver traveling at such a low speed and who reacted "within a split second" should have been able to avoid colliding with a vehicle entering his lane from 45–50 feet in front of him. Second, appellant's testimony that Mrs. Houseknecht came across into his lane at a 45 degree angle before the collision was inconsistent with the undisputed evidence that appellees' vehicle was damaged in the rear, and that the vehicles came to rest with appellant's automobile directly behind appellees' automobile. If, as appellant alleged, Mrs. Houseknecht had cut in front of him at a 45 degree angle immediately before impact, common sense indicates that her vehicle would have been pushed counterclockwise farther out into the emergency median. Third, appellant's characterization of the accident is inconsistent with the amount of damage appellee's vehicle suffered. An accident in which vehicles 45–50 feet apart were both decelerating from a top speed of 20–25 mph before impact should have caused minimal damage, especially since both cars were skidding at the time of impact. Finally, appellant's testimony at trial conflicted with both the information he gave Officer Roberts at the scene and his sworn statement that he swerved to the right to avoid the collision. *See* Plaintiff's Exhibit 1; R.R. at 641a–645a. In summary, our review of the record leads us to concur in the trial court's finding that appellant's version of the facts was inherently improbable and at variance with ordinary experience and the physical evidence presented at trial.

Appellant nevertheless argues that the trial court erred in granting appellee a new trial because it based its ruling on inconsistencies in his testimony and credibility determinations that should have been decided by the jury. We recognize of course, that the credibility of witnesses is primarily for the fact finder's appraisal. Appellant's argu-

ment, however, is tantamount to a suggestion that a trial court can never grant relief on a weight of the evidence claim. We cannot agree. As our Supreme Court has noted:

> Traditionally under our system of jurisprudence, issues of credibility are left to the trier of fact for resolution.... While there may be some legitimacy for a trial court, who has also observed the witnesses as they testified, to consider the weight of the evidence and to that extent review the jury's determination of credibility, there is surely no justification for an appellate court, relying on a cold record, to exercise such a function.

*Commonwealth v. Farquharson*, 467 Pa. 50, 59–60, 354 A.2d 545, 550 (1976). We also note that when the trial court is satisfied that the jury's verdict was based on incredible or unbelievable evidence, the court is obligated to grant a new trial. *Gougher v. Hansler*, 388 Pa. 160, 130 A.2d 150 (1957); *see also Thompson v. City of Philadelphia, supra; Giovanetti v. Johns–Manville, supra; S.N.T. Industries, Inc. v. Geanopulos, supra.* Accordingly, we hold that the trial court did not abuse its discretion in granting appellee a new trial, and we affirm the order below.[2]

Order affirmed. Case remanded for new trial.

Jurisdiction relinquished.

MONTEMURO, J., concurs in the result.

---

2. Appellant's final argument is that the trial court erred in granting appellee a new trial because the court's jury instructions were not improper. Specifically, appellant argues that the jurors were entitled to rely on the court's charge regarding the sudden emergency rule. This argument derives from the fact that the trial court opinion states that the jury focused too much on the possibility of a sudden emergency. However, we should emphasize that the court granted appellee a new trial because the evidence did not support appellant's claim that he was confronted with a sudden emergency. *See* Trial Court Opinion, May 25, 1990 at 4–5. As noted above, we agree with the trial court's finding in this regard. Thus, the jury could not have properly relied on the sudden emergency instruction, and appellant's argument is meritless.