## PASQUALE SILANO ET AL. *v.* CUMBERLAND FARMS, INC.
### (AC 24368)

Foti, Schaller and DiPentima, Js.

---

Argued June 9—officially released October 5, 2004

*Lawrence V. Parnoff*, for the appellant (named plaintiff).

*Scott R. Chadwick*, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff Pasquale Silano[1] appeals from the judgment of the trial court rendered after it granted the motion for a directed verdict that was made by the defendant, Cumberland Farms, Inc., at the close of the plaintiff's case in this personal injury action. On appeal, the plaintiff argues that the court improperly (1) granted the motion, (2) redacted a handwritten note that was admitted into evidence[2] and (3) denied his motion to open his case to present further evidence. We affirm the judgment of the trial court.

The following facts are relevant to the resolution of the plaintiff's appeal. The plaintiff commenced his

---

[1] The second count of the complaint, which alleged loss of consortium as to plaintiff Francine Silano, was withdrawn at trial. We therefore refer in this opinion to Pasquale Silano as the plaintiff.

[2] Because the plaintiff did not separate each claim and the resolution of his first two claims is intertwined, we will address them together.

action against the defendant to recover for injuries he allegedly sustained in a slip and fall accident. The plaintiff alleged in his complaint that "[a]t all times relevant the building and walkways of the [defendant's] store, were owned, operated, and controlled by the defendant . . . ." In its answer, the defendant stated that it had "insufficient knowledge or information upon which to form a belief and, therefore, leaves the [plaintiff to his] burden of proof."

At trial, the plaintiff was the only witness to testify during his case-in-chief. The plaintiff offered into evidence a handwritten note from a man who was working at the store at the time of the accident. The note contained the reference "CF." The note was offered by the plaintiff to establish the identity of the person who was present at the store at the time of the accident and to prove that the fall occurred. The court admitted into evidence a redacted version of the note, which contained only the name of the person who wrote the note. At the conclusion of the plaintiff's case-in-chief, the defendant sought a directed verdict because, inter alia, the plaintiff had failed to produce sufficient evidence to prove ownership, possession or control of the subject premises by the defendant. The court granted the motion on that ground. The plaintiff sought to open his case to rectify the deficiency. The court denied the plaintiff's motion to open the case.

I

The plaintiff claims that the court improperly granted the defendant's motion for a directed verdict. We disagree.

Our standard of review for directed verdicts is well settled. "Generally, litigants have a constitutional right to have factual issues resolved by the jury. . . . Directed verdicts [therefore] are historically not favored and can be upheld on appeal only when the

jury could not have reasonably and legally reached any other conclusion. . . . We review a trial court's decision to direct a verdict for the defendant by considering all of the evidence, including reasonable inferences, in the light most favorable to the plaintiff. . . . A verdict may be directed where the decisive question is one of law or where the claim is that there is insufficient evidence to sustain a favorable verdict." (Internal quotation marks omitted.) *DiStefano* v. *Milardo*, 82 Conn. App. 838, 842, 847 A.2d 1034, cert. granted on other grounds, 270 Conn. 908, 853 A.2d 524 (2004).

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . First, it is necessary to determine the existence of a duty . . . ." (Internal quotation marks omitted.) *Monk* v. *Temple George Associates, LLC*, 82 Conn. App. 660, 662, 846 A.2d 933, cert. granted on other grounds, 270 Conn. 903, 853 A.2d 520 (2004). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.) *Mendillo* v. *Board of Education*, 246 Conn. 456, 483, 717 A.2d 1177 (1998). Because duty is an essential element in a negligence action, the plaintiff cannot have an action in negligence unless he shows that the defendant owed a duty to the plaintiff.

Generally, one does not owe a duty to entrants unless such person asserts control or possession over the property. *Stokes* v. *Lyddy*, 75 Conn. App. 252, 260, 815 A.2d 263 (2003); see also *Smith* v. *Housing Authority*, 144 Conn. 13, 16, 127 A.2d 45 (1956). "The word control has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee. . . . [T]he question of whether a defendant

maintains control over property sufficient to subject him to . . . liability normally is a jury question. . . . Where the evidence is such that the minds of fair and reasonable persons could reach . . . different conclusions on the question [of control], then the issue should properly go to the jury for its determination." (Citations omitted; internal quotation marks omitted.) *Doty* v. *Shawmut Bank*, 58 Conn. App. 427, 432–33, 755 A.2d 219 (2002). "[P]ossession cannot be fairly construed as anything short of the exercise of dominion and control similar to and in substitution for that which ordinarily would be exerted by the owner in possession." *Hancock* v. *Finch*, 126 Conn. 121, 123, 9 A.2d 811 (1939).

Here, the plaintiff testified that he purchased gasoline at a service station and fell when entering one of the defendant's stores, which is on the same property. That was the only evidence of possession or control adduced at trial. Even when viewed in a light most favorable to the plaintiff, that evidence is insufficient to prove that the defendant had possession or control of the premises.

The plaintiff argues that the defendant tacitly admitted that it was in possession or control of the property because it stated in its answer that it had "insufficient knowledge or information upon which to form a belief" on the issue. It is obvious that such a response in an answer to a complaint is not an admission. We note that the defendant stated at trial that the issue of possession or control was in dispute.

The plaintiff also argues that he offered into evidence a note that allegedly was written by Javed Khlavid, an employee at the convenience store, to demonstrate possession or control by the defendant. The record reveals that the plaintiff did not offer the note into evidence for that purpose. The note also constituted hearsay because the plaintiff failed to produce Khlavid

to testify at trial. Further, the note could not be construed as an admission by the defendant merely because it contained the reference "CF." The note was admitted properly for the limited purpose of establishing the identity of the person who was present at the time of the incident.

We agree with the court that the plaintiff "failed to offer any proof of the possession or control of the premises by the corporation who is the named party in this case." Accordingly, the court properly granted the motion for a directed verdict.

## II

The plaintiff next argues that the court improperly denied his motion to open his case to present further evidence. We disagree.

"Whether or not a trial court will permit further evidence to be offered after the close of testimony in the case is a matter resting within its discretion." *Bortner* v. *Woodbridge*, 250 Conn. 241, 265, 736 A.2d 104 (1999). For the reasons set forth in part I, the court did not abuse its discretion in denying the plaintiff's motion to open his case. The court was well within its discretion to refuse to permit the plaintiff to remedy his failure to establish an essential element for a claim in negligence.

The judgment is affirmed.

In this opinion the other judges concurred.