HEATHER KEENEY ET AL. *v.* MYSTIC
VALLEY HUNT CLUB, INC.
(AC 25538)
(AC 25716)

Dranginis, Flynn and Dupont, Js.

Argued October 12, 2005—officially released January 31, 2006

*Robert I. Reardon, Jr.*, with whom, on the brief, was *Robert T. Rimmer*, for the appellants (plaintiffs).

*Harry M. Stokes*, for the appellee (defendant).

*Opinion*

FLYNN, J. The plaintiffs, Heather Keeney, a minor,[1] and her mother, Teresa Keeney, appeal from the judg-

---

[1] Teresa Keeney brought this action as parent and next friend of her minor daughter. She also brought the action on her own behalf for damages arising from her daughter's injuries.

ment of the trial court rendered on a jury verdict that the court directed in favor of the defendant, Mystic Valley Hunt Club, Inc. On appeal, the plaintiffs claim that the court improperly (1) precluded their expert from testifying and (2) directed a verdict in favor of the defendant and denied their motion to set aside the verdict. We affirm the judgment.[2]

Heather Keeney was a student receiving horseback riding lessons at a riding academy owned by the defendant, when, during a lesson, she allegedly was told to remove her feet from the stirrups and to kick the horse. In response to this action, the horse allegedly lunged forward, and Heather was thrown to the ground, causing a fracture to her right arm that required surgery, leaving significant scarring. The plaintiffs also alleged that Heather will incur future medical expenses directly related to this accident.

On May 27, 2004, the court directed a jury verdict in favor of the defendant. On June 3, 2004, the plaintiffs filed a motion to set aside the verdict and for judgment notwithstanding the verdict. Before the court could rule on this motion, however, the plaintiffs, on June 14, 2004, filed an appeal (AC 25538). On July 26, 2004, the court denied the plaintiffs' motion to set aside the verdict and for judgment notwithstanding the verdict, and it rendered judgment for the defendant. On August 12, 2004, the plaintiffs filed a second appeal (AC 25716) challenging the denial of the motion to set aside the verdict and the final judgment. On April 13, 2005, we ordered the appeals consolidated.[3]

---

[2] In view of our affirmance, we need not reach two issues raised by the defendant arising from the court's denial of the defendant's motion to implead the minor plaintiff's father as a third party defendant, and denial of the defendant's motion for summary judgment.

[3] We confess error in ordering the appeals consolidated and, after reconsideration of the motion to dismiss, we now order AC 25538 dismissed for lack of a final judgment because at the time AC 25538 was filed, the plaintiffs' motion to set aside the verdict had not yet been resolved. See *Kolich* v. *Shugrue*, 198 Conn. 322, 327, 502 A.2d 918 (1986); see also *Gordon* v. *Feld-*

## I

On appeal, the plaintiffs claim that the court improperly precluded their liability expert from testifying on the ground that she lacked the necessary qualifications. The defendant argues that the court did not abuse its discretion in precluding the plaintiffs' expert because "[t]he witness clearly had no demonstrable special skill, knowledge, education or experience applicable to the specific matters in issue." We agree that the court did not abuse its discretion.

"Our standard of review regarding a trial court's ruling on the admissibility of expert testimony is well settled. [W]e note that the trial court has wide discretion in ruling on the admissibility of expert testimony and, unless that discretion has been abused or the ruling involves a clear misconception of the law, the trial court's decision will not be disturbed." (Internal quotation marks omitted.) *Coughlin* v. *Anderson,* 270 Conn. 487, 514–15, 853 A.2d 460 (2004). "The test for admissibility of the opinion of an expert witness is whether the expert knows the applicable standard of care and can evaluate the defendant's conduct, given that standard. . . . Even if a court has acted improperly in connection with the introduction of evidence, reversal of a judgment is not necessarily mandated because there must not only be an evidentiary error, there also must be harm." (Citations omitted; internal quotation marks omitted.) *Farrell* v. *Bass,* 90 Conn. App. 804, 811, 879 A.2d 516 (2005).

After voir dire of the plaintiffs' proffered expert witness, the court found that she "[did not] meet the standard for being able . . . to testify in this case regarding the standard of care for riding instructors, specifically riding instructors of relatively inexperienced novice rid-

*man,* 164 Conn. 554, 557–58, 325 A.2d 247 (1973). Nevertheless, we review the plaintiffs' claims on appeal under AC 25716, which is jurisdictionally proper.

ers. She teaches no novice riders. Her certification is over thirty years old [and] there has been no testimony regarding her continuing education. She's not a member of the associations which issued the guidelines. The bulk of her time, 90 percent of her time is spent in activities other than instruction and . . . in Connecticut, when we have expert testimony, we ask that somebody be in the same field . . . for standard of care testimony . . . .

"And it seems to me that a riding instructor, if you are going to have standard of care testimony, should be from . . . [someone] who either is a riding instructor, training riding instructors, is part of the structure or embodiment that certifies or the board which reviews the qualifications for or standards for instructors. This woman, while . . . very experienced, is in the basic business of training horses, dealing with how you run a stable, taking care of horses. She's training thoroughbreds, doing dressage . . . . Ten percent of her time is spent training, mostly incidental training, experienced riders who are training for dressage competition, jumping incidental to training of their horses . . . . That's a far cry from your neighborhood stable with the instructor training novices where there are techniques."

In this case, the court precluded the plaintiffs' expert because it concluded that the witness was not qualified as an expert fit to judge another riding instructor in technique in the area of novice instruction. The plaintiffs argue that the court applied the wrong standard to assess the expert's qualifications and that the court should have, instead, focused on whether this expert's testimony would have been helpful to the jury by virtue of her special skill or knowledge. The issue in this case, however, was whether Heather Keeney's riding instructor was negligent in providing an unsafe instruction to this novice rider. The expert, although having been a certified horse riding instructor since 1973, testi-

fied that she had not trained young novice riders in more than twenty years, had taken no refresher courses in training students, had no specialized training in the use of lunge lines with novice riders, had never prepared any instructional or training materials for instructors, had never served on a safety committee and had never taught riding instructors. On the basis of this testimony, we cannot conclude that the court abused its discretion in precluding this witness from testifying as to the appropriate standard for a riding instructor to teach a young novice rider. It is not clear from her voir dire testimony that she knew the applicable standard of care and had the ability to evaluate the defendant's conduct. See *Farrell* v. *Bass,* supra, 90 Conn. App. 811.

## II

The plaintiffs next claim that the court improperly directed a verdict in favor of the defendant on the basis of the plaintiffs failure to establish a prima facie case, and then improperly failed to set aside that verdict. They argue that they "adduced sufficient evidence at trial, even without expert testimony, to establish a prima facie case of negligence." The defendant argues that the plaintiffs "introduced absolutely no evidence as to the requisite standard of care nor of any deviation from an established standard," and, without such evidence, "there can be no proof of a causal connection between [the] plaintiff's injuries and [the] defendant's acts or omissions." In response, the plaintiffs argue that they did not make a claim of professional negligence, but, rather, that their claim was of ordinary negligence and, accordingly, evidence as to the standard of care was not required. We agree with the defendant.

"Our standard of review for directed verdicts is well settled. Generally, litigants have a constitutional right to have factual issues resolved by the jury. . . . Directed verdicts [therefore] are historically not

favored and can be upheld on appeal only when the jury could not have reasonably and legally reached any other conclusion. . . . We review a trial court's decision to direct a verdict for the defendant by considering all of the evidence, including reasonable inferences, in the light most favorable to the plaintiff. . . . A verdict may be directed where the decisive question is one of law or where the claim is that there is insufficient evidence to sustain a favorable verdict." (Internal quotation marks omitted.) *Silano* v. *Cumberland Farms, Inc.*, 85 Conn. App. 450, 452–53, 857 A.2d 439 (2004).

The court directed a verdict in favor of the defendant, reasoning, in part, that if a duty existed, expert testimony was required to establish a breach of that duty and that such a breach caused the harm to the plaintiffs. The court concluded further that the standard of care applicable to a riding instructor of novice riders, whether that standard was breached and whether that breach caused the plaintiffs' injuries are not matters of common knowledge. We agree and conclude that the court correctly determined that the plaintiffs were required to establish by expert testimony that the actions of the riding instructor constituted a breach of duty and that the plaintiffs' evidence, without expert testimony, did not satisfy that burden.

"A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence. . . . A motion for a directed verdict is properly granted if the jury could not reasonably and legally have found that the plaintiff had proved each of these elements. A directed verdict is justified if . . . the evidence is so weak that it would be proper for the court to set aside a verdict rendered for the other party. . . .

"The existence of a duty is a question of law and [o]nly if such a duty is found to exist does the trier of

fact then determine whether the defendant violated that duty in the particular situation at hand. If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant. . . . If the determination of the standard of care requires knowledge that is beyond the experience of an ordinary fact finder, expert testimony will be required." (Citations omitted; internal quotation marks omitted.) *Santopietro* v. *New Haven*, 239 Conn. 207, 225–26, 682 A.2d 106 (1996).

The plaintiffs' allegations in the present case are akin to allegations of professional negligence or malpractice. Such negligence or malpractice is frequently defined as "the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . . ." (Internal quotation marks omitted.) *Davis* v. *Margolis*, 215 Conn. 408, 415, 576 A.2d 489 (1990). Although the plaintiffs argue that their claims are of ordinary, and not professional negligence, we agree with the court that expert testimony was necessary in this case because the defendant was rendering specialized professional service to the plaintiffs. It is well established that "expert testimony is required 'when the question involved goes beyond the field of the ordinary knowledge and experience of judges or jurors.' " *Latham & Associates, Inc.* v. *William Raveis Real Estate, Inc.*, 218 Conn. 297, 301, 589 A.2d 337 (1991), quoting *Bader* v. *United Orthodox Synagogue*, 148 Conn. 449, 454, 172 A.2d 192 (1961). We are well into the age of the automobile, and the general public in the twenty-first century is not generally as acquainted with horsemanship as it arguably was at the beginning of the twentieth century.

We conclude that the proper method of teaching a novice rider, the qualification necessary to be a competent and qualified instructor of a novice rider, whether to instruct such a rider to remove her or his feet from the stirrups, where those stirrups should then be placed and whether a lunge line should be used during such instruction are not matters within the common knowledge of the jury but, rather, are specialized matters unique to the profession of those teaching novice riders.

It was necessary, therefore, for the plaintiffs to produce expert testimony to establish both the standard of care to which the defendant was to be held and a breach of that standard. We conclude, therefore, that the plaintiffs failed to prove by expert testimony their claim of negligence. Because the jury reasonably and legally could not have concluded that the plaintiffs had established the elements of a negligence cause of action, a directed verdict properly was granted, and the court properly refused to set aside that verdict.

The appeal in AC 25538 is dismissed for lack of a final judgment. In AC 25716, the judgment is affirmed.

In this opinion the other judges concurred.