# Williams v. Chamounix Equestrian Center

*Kenneth F. Fulginiti,* for plaintiff.
*Kenneth Scott,* for defendant.

PAPALINI, *J.,* March 19, 2010—This matter comes before the court on the denial of defendant Work to Ride's motion for post-trial relief, requesting a new trial, and in the alternative, remittitur.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises from injuries sustained by then 11-year-old plaintiff Pharoah Williams, who was kicked in the jaw by a horse while helping load the animal into a trailer. At the time of the accident, plaintiff was a participant in the defendant nonprofit organization Work to Ride's horsemanship program, which offers to teach children how to properly care for and ride horses. Plaintiff had been enrolled in the program for approximately one year and four months when he attempted to assist an off-duty Work to Ride trainer load a horse into a trailer. The horse in question, a thoroughbred racehorse, boarded at the same stables as the defendant's horses but was not part of the Work to Ride program.

During the loading attempt, plaintiff was situated behind the horse on its left. After several attempts by the trainer to lead the horse onto the trailer, plaintiff struck the horse with a stick on its rear in an effort to help. In response, the horse kicked toward its left side and injured the plaintiff, instantly shattering his jaw bones. Subsequently, plaintiff commenced the instant action for negligence.

On September 16, 2009, a jury trial lasting approximately four days was held in this matter, whereupon the jury rendered a verdict finding the defendant 90 percent negligent and the plaintiff 10 percent contributorily negligent and awarded damages in the amount of $2,500,000 to plaintiff Pharoah Williams and $117,023 to plaintiff Callie Williams for medical expenses. The total verdict was then molded to $2,378,353.97, pursuant to the grant of plaintiffs' motion for delay damages in the amount of $23,033.27.

## II. ISSUES

Defendant requests a new trial on the following grounds: (1) the verdict was against the weight of the evidence; (2) the court erred in permitting plaintiff's expert, Jill Cooke, to testify; and (3) the court erred by precluding the testimony of defense witness, Suzanne Ross. Defendant also requests, in the alternative, remittitur be granted.

## III. STANDARD OF REVIEW

The grant of a new trial is a matter within the discretion of the trial court. *Monschein v. Phifer,* 771 A.2d 18, 20 (Pa. Super. 2001). The trial court must decide whether such errors provide a sufficient basis for a new trial. *Luzerne County Flood Protection Authority v. Reilly,* 825 A.2d 779, 782 (Pa. Commw. 2003).

A new trial should be awarded on the ground that the verdict is against the weight of the evidence when the verdict of the jury is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another oppor-

tunity to prevail. *Gunn v. Grossman,* 748 A.2d 1235 (Pa. Super. 2000), *appeal denied,* 564 Pa. 711, 764 A.2d 1070 (2000); *Martin v. Evans,* 551 Pa. 496, 501, 711 A.2d 458, 461 (1998); *Houseknecht v. Walters,* 404 Pa. Super. 85, 590 A.2d 20 (1991); *Kopeika v. Medical Services Association of Pennsylvania,* 347 Pa. Super. 500, 500 A.2d 1168 (1985); *Ditz v. Marshall,* 259 Pa. Super. 31, 393 A.2d 701 (1978). A court, viewing the evidence in a light most favorable to the verdict winner, may grant a motion for a judgment n.o.v. only when no two reasonable minds could disagree that, as a matter of law, the plaintiff has failed to prove her case. *Kearns v. Clark,* 343 Pa. Super. 30, 34-35, 493 A.2d 1358, 1360 (1985). In addition, where the decision to grant a new trial in cases where the jury's verdict is challenged as against the weight of the evidence is also within the discretion of the trial court. *Criswell v. King,* 575 Pa. 34, 47, 834 A.2d 505, 513 (2003).

## IV. DISCUSSION

### A. *Request for New Trial on the Basis the Verdict Was Against the Weight of the Evidence, or in the Alternative, Grant a Remittitur*

Defendant argues a new trial should be granted because the jury only assessed 10 percent contributory negligence on the part of the plaintiff in spite of his culpability in bringing about his injury and in spite of his experience with horses. The court respectfully disagrees. This case was hotly contested on every aspect except for plaintiff's injury and past and future medical expenses. The jury had sufficient evidence to base its conclusions.

At trial, plaintiff presented evidence that plaintiff had never loaded a horse into a trailer with the exception of

tying a horse's rope to the trailer *after* the horse had already been loaded. Evidence was also presented that plaintiff was not properly trained or experienced enough to assist in such an activity. Plaintiff's equestrian expert, Jill Cooke testified plaintiff should never have been allowed to assist loading the horse, given his young age. The jury also heard testimony from the plaintiff that he was asked to help off-duty trainer Shadaria Shuler and that she accepted his suggestion to use a stick from the ground as a switch to encourage the horse to step onto the trailer. Plaintiff further testified, that Ms. Shuler observed and coached his repeated use of the stick/swatch on the horse.

The defense rigorously denies plaintiff's contentions. Defendants presented testimony from Ms. Shuler contradicting plaintiff's testimony. Ms. Shuler testified plaintiff volunteered to help load the horse and that he admitted to her that he suddenly struck the horse out of frustration. N.T., September 18, 2009, p. 61. Ms. Shuler also testified plaintiff was not standing where she instructed him to stand, and that had he heeded her instruction, he never would have been kicked. *Id.* at 71. The jury also heard testimony that plaintiff had experience handling horses and had previously observed horses being loaded and unloaded from trailers on several occasions. Additionally, defense equestrian expert, Ben Nolt, opined plaintiff was a quick learner with above-average experience for someone his age. NT, September 18, 2009, p. 102.

Upon review of the trial evidence, the court finds the record was more than adequate to sustain the validity of the jury's finding that plaintiff was 10 percent contribu-

torily negligent in this case. It is for the jury to resolve the conflicting testimony presented in this case and the court cannot substitute its judgment for that of the jury. By no means does the jury's verdict meet the standard of "shocking one's sense of justice." Moreover, this court does not find that the verdict was contrary to the evidence. Based upon the record presented, it would be an abuse of our discretion to set aside the jury's findings and enter judgment n.o.v. in this case. Therefore, the court will not disturb the jury's verdict. Accordingly, defendant's motion for judgment n.o.v. is denied.

Defendant also requests that the verdict be remitted. Based on the above reasons, the court finds the verdict clearly did not shock the conscience of the court. *Stoughton v. Kinzey,* 299 Pa. Super. 499, 445 A.2d 1240 (1982); *Daley v. John Wanamaker Inc.,* 317 Pa. Super. 348, 464 A.2d 355 (1983). Consequently, defendant's request of remittitur is denied.

### B. *The Court Properly Permitted Plaintiff's Expert, Jill Cooke, To Testify*

Defendant argues a new trial should be granted because the court erred in allowing plaintiff's equestrian expert, Jill Cooke, to testify. The court disagrees and finds that Ms. Cooke's testimony, including her opinions, were admissible.

The competency of Ms. Cooke was questioned because defendant argues she lacks sufficient experience with children and because she was precluded from testifying as an equestrian expert in another matter. The standard for qualifying an expert is a liberal one, with discretion vested in the trial court. *Gottfried v. American Can Com-*

*pany,* 339 Pa. Super. 403, 411, 489 A.2d 222, 226 (1985). If scientific or technical information, beyond that possessed by a layperson, will assist the trier of fact an expert witness may testify so long as that expert is qualified as an expert by knowledge, skill, experience, training or education. Pa.R.E. 702 (2009).

Ms. Cooke is a certified riding instructor, certified equine appraiser, and a licensed thoroughbred racehorse trainer. She has maintained and run stables and is familiar with loading thoroughbred horses. Additionally, she testified she has taught children how to ride horses in the past. N.T., September 17, 2009, pp. 9-12.

Opposition to Ms. Cooke's competency based on the matter in the state of Connecticut, *Keeney v. Mystic Valley Hunt Club Inc.,* 93 Conn. App. 368, 889 A.2d, 829 (2005), where Ms. Cooke was presented as an expert, is inapplicable in this case. Ms. Cooke was precluded from testifying as an expert for the case because of her lack of expertise in a specific type of riding/horse training called "lunge lines." In the present matter, Ms. Cooke's testimony concerned equestrian standards for loading racehorses onto trailers. No part of her testimony involved testimony relating to the subject matter raised in the *Keeney* case. Therefore, defendant's argument is without merit.

Defendant also objects to Ms. Cooke's testimony that it was inappropriate to allow a minor to assist loading a racehorse onto a trailer. N.T., September 17, 2009, pp. 30-31. Defendant maintains Ms. Cooke is unqualified to opine on the instruction of children. The court disagrees with the defendant's position. Such statements fall within the purview of Ms. Cooke's expert knowledge as

a licensed thoroughbred racehorse trainer and certified riding instructor familiar with loading thoroughbred horses onto trailers. The jury was free to disagree with Ms. Cooke's assessment especially on cross-examination. Furthermore, Ms. Cooke presented testimony on whether a minor should have been involved in loading a thoroughbred racehorse onto a trailer; *not* whether the defendant or Ms. Shuler properly instructed the plaintiff before or during the incident. Therefore, the court finds it committed no error in allowing Ms. Cooke's testimony. Accordingly, Ms. Cooke's testimony is admissible. Defendant's objection is denied.

### C. *Evidence Relating to the Disposition of the Offending Horse Was Properly Denied*

Defendant argues a new trial should be granted because the court erroneously granted plaintiff's motion in limine to preclude the testimony of Suzanne Ross-Armando, the purchaser of the horse *following* plaintiff's accident. It was presented to the court in chambers that Ms. Ross-Armando purchased the horse after plaintiff's accident and that her testimony concerned the nature and disposition of the horse *during* her ownership of it. This court granted plaintiff's motion on the basis of relevance. However, defendant *now* asserts in its post-trial brief that it submitted to the court that Ms. Ross-Armando purchased the horse *prior* to plaintiff's accident and that she would have presented her observations of the horse's nature that she made *prior* to plaintiff's accident. Defendant misstates the position it held in chambers during arguments on motion in limine. Additionally, the record belies defendant's claim that Ms. Ross-Armando purchased the horse prior to the plaintiff's accident. Defen-

dant's witness, Ms. Shuler, testified the horse was being loaded onto the trailer so it could be introduced to a potential buyer. N.T., September 18, 2009, pp. 44-45. In any event, Ms. Ross-Armando's testimony would have been extraneous. Defendant presented testimony from three witnesses as to the nature and disposition of the horse and had ample opportunity to challenge any adverse testimony on cross-examination. Both sides presented sufficient contradictory testimony as to the horse's disposition. The probative value of Ms. Ross-Armando's testimony would have been negligible at best. Therefore, the court finds its ruling was neither incorrect nor prejudicial. Accordingly, defendant's objection is denied.

## V. CONCLUSION

Upon review of the trial testimony, and plaintiff and defendant's timely post-trial motions and supporting briefs, defendant's post-trial motions requesting a new trial or in the alternative, remittitur, are denied. The court finds no basis to grant a new trial, or in the alternative, grant a remittitur. Judgment is entered in favor of plaintiff Pharoah Williams in the amount of $2,272,003.31 and in favor of plaintiff Callie Williams in the amount of $106,350.66 for a total verdict of $2,378,353.97.

## ORDER

And now, March 19, 2010, upon consideration of the post-trial motions of defendant Work to Ride Inc., and plaintiffs' response thereto, it is hereby ordered and decreed that said motions are denied. Judgment is entered in favor of plaintiff Pharoah Williams in the amount of $2,272,003.31 and in favor of plaintiff Callie Williams

in the amount of $106,350.66 for a total verdict of $2,378,353.97. See attached opinion.