14-3460
Ellis v. YMCA Camp Mohawk, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand fifteen.

PRESENT: RALPH K. WINTER,
         JOHN M. WALKER, JR.,
         DENNIS JACOBS,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
Louisa R. Ellis, ppa Elizabeth Ellis,
Elizabeth Ellis,
         Plaintiff-Appellant,

         -v.-                                    14-3460

YMCA Camp Mohawk, Inc.,
         Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Megan L. Piltz, Sabatini and
                        Associates, LLC, Newington,
                        Connecticut.

FOR APPELLEES:          Renee W. Dwyer and Katherine L.
                        Matthews, Gordon, Muir and
                        Foley, LLP, Hartford,
                        Connecticut.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Louisa Ellis and Elizabeth Ellis ("Appellants") appeal from the judgment of the United States District Court for the District of Connecticut (Thompson, J.), dismissing on summary judgment their diversity action alleging negligence against YCMA Camp Mohawk, Inc. ("YMCA"). Appellants argue that the district court abused its discretion in determining that their expert, Corey Andres, was not qualified to render an expert opinion regarding the standard of care for an equestrian course at the YMCA camp at which twelve-year-old Louisa was injured. Appellants also argue that the district court erred in determining that all of the issues presented require expert testimony. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On July 18, 2011, Louisa Ellis fell from a pony while taking horseback riding lessons at YMCA Camp Mohawk. Ellis sustained injuries to her hand and elbow that required surgery and therapy. Appellants identified Andres, an employee of Robson Forensic, to investigate the claims and to provide expert testimony. Andres claimed his expertise based on his membership in the American Camp Association ("ACA") and his study of therapeutic education at Ohio State, University of Toledo, including a study pertaining to equestrian matters. Andres's investigation concluded that YMCA was negligent in failing to provide complete and proper instruction as to how to fall from a horse in a way that minimizes injury.

The district court excluded Andres's expert testimony on the ground that he had limited experience in the field of horseback riding. Therefore, appellants' failure to produce an expert where expert testimony was required led the district court to grant summary judgment.

A grant of summary judgment is reviewed de novo to determine whether any genuine issues of material fact would bar summary judgment. Zurich Am. Ins. Co. v. ABM Indus., Inc., 397 F.3d 158, 164 (2d Cir. 2005). We review the district court's evidentiary ruling under an abuse-of-

discretion standard.  See id. at 171-72.  "Either an error of law or a clear error of fact may constitute an abuse of discretion."  Schering Corp. v. Pfizer, Inc., 189 F.3d 218, 224 (2d Cir. 1999) (internal quotation marks and citations omitted).  A district court's qualification of an expert witness will only be overturned if it is manifestly erroneous.  United States v. Barrow, 400 F.3d 109, 123 (2d Cir. 2005).

In a diversity action, whether expert testimony is required is a matter of state law, whereas the admissibility of a given expert witness is governed by the Federal Rules of Evidence.  See 29 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 6263; see also Beaudette v. Louisville Ladder Inc., 462 F.3d 22, 27 (1st Cir. 2006).  Under Connecticut state law, expert testimony is required when a matter goes "beyond the ordinary knowledge and experience of judges or jurors."  LePage v. Horne, 809 A.2d 505, 511 (Conn. 2002).  Connecticut courts have held, on similar facts, that the general public is no longer as familiar with horsemanship as it arguably was at the beginning of the twentieth century, and that expert testimony is necessary to establish a standard of care and a breach of that standard.  Keeney v. Mystic Valley Hunt Club, Inc., 889 A.2d 829, 833-34 (Conn. App. Ct. 2006).

As the district court held, Appellants' claims required the support of expert testimony. The intricacies of horseback riding technique and horsemanship are no longer within the bounds of ordinary knowledge or experience of judges and jurors.  Questions such as whether the stirrups were improperly installed and whether the pony was of sufficient size to carry the rider are not questions that the average juror can decide based on past knowledge or experience.  We therefore agree that Ellis needed expert testimony to show both a standard of care and a breach of that standard.

Andres claimed a generalized familiarity with camp education.  However, Federal Rule of Evidence 702 requires expertise based on specialized knowledge and experience, not a mere understanding derived from others' publications.  "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."

3

Fed. R. Evid. 702(a); see also Marvel Characters, Inc. v. Kirby, 726 F.3d 119, 135 (2d Cir. 2013). Andres does not rise to the level of expertise required to opine on the matters at hand. Andres has practically no knowledge or experience relating to horsemanship -- his resume makes no reference to any such knowledge, and his investigation merely points to three publications that he relied on when preparing his report. Andres's resume instead highlights a wide array of fields and organizations in which he has obtained certifications or is a member. Appellants argue that Andres's membership in the ACA broadly reaches all camp recreations. This broad qualification falls well short of the specialized knowledge that Federal Rule of Evidence 702 demands. The district court therefore did not abuse its discretion in its decision to exclude Andres's testimony.

Appellants' failure to provide necessary expert testimony precludes them from presenting these claims under Connecticut state law. See LePage, 809 A.2d at 511. Thus, there are no issues of material fact raised to challenge the district court's entry of summary judgment.

For the foregoing reasons, and finding no merit in Appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK