******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## KATY DUCLOS *v.* SYLVIA HAYES
### (AC 46823)

Moll, Suarez and Seeley, Js.

*Syllabus*

The plaintiff appealed from the trial court's rendering of summary judgment for the defendant landlord with respect to the plaintiff's claims of negligence based on premises liability in connection with her alleged slip and fall on a front porch stairway leading to a tenant's apartment. The plaintiff claimed, inter alia, that the court improperly rendered summary judgment despite the existence of genuine issues of material fact as to whether the defendant owed a duty of care to her. *Held*:

Although the trial court committed error in failing to provide an oral or written statement of decision containing its conclusion as to each claim of law raised by the parties and the factual basis therefor, as required by our rule of practice (§ 64-1 (a)), this court was not precluded from considering the plaintiff's claims on the merits because its review was plenary, there was an adequate record, and it was in the interests of judicial economy and fairness to the parties to proceed.

The trial court properly rendered summary judgment for the defendant, as there was no genuine issue of material fact that the defendant did not exercise possession and control of the illumination of an operational light fixture in the front exterior entryway of the premises, the defendant's tenant having exclusive possession and control of the light switch, located inside his demised apartment, that operated the light fixture, and, therefore, she did not owe a duty of care to the plaintiff.

Argued April 15—officially released August 19, 2025

*Procedural History*

Action to recover damages for, inter alia, personal injuries sustained as a result of the defendant's alleged negligence, brought to the Superior Court in the judicial district of New Haven, where the court, *S. Richards, J.*, granted the plaintiff's motion to cite in Eugene Bell as a defendant; thereafter, the court, *S. Richards, J.*, granted the named defendant's motion for summary judgment and rendered judgment thereon; subsequently, the plaintiff withdrew her claims against the defendant Eugene Bell and appealed to this court. *Affirmed.*

*Andrew T. Boivin*, with whom, on the brief, was *Alphonse J. Balzano, Jr.*, for the appellant (plaintiff).

*Ellen M. Costello*, for the appellee (named defendant).

*Opinion*

MOLL, J. The plaintiff, Katy Duclos, appeals from the summary judgment rendered by the trial court in favor of the defendant Sylvia Hayes on count one of the plaintiff's second amended complaint sounding in premises liability arising out of her alleged slip and fall.[1] On appeal, the plaintiff claims that the court improperly granted summary judgment in favor of the defendant (1) without providing an oral or written statement of decision and (2) because there were genuine issues of material fact.[2] We conclude that (1) the trial court erred in failing to issue an oral or written statement of its decision granting summary judgment, but that this deficiency does not prevent our review of the plaintiff's claims on the merits, and (2) there existed no genuine issues of material fact as to whether the defendant owed a duty of care to the plaintiff, such that the defendant was entitled to summary judgment as a matter of law.

---

[1] On June 25, 2020, the trial court, *S. Richards, J.*, granted the plaintiff's motion to cite in Eugene Bell as a defendant. On August 2, 2023, the plaintiff withdrew her claims against Bell, and Bell is not participating in this appeal. Accordingly, in this opinion we refer to Hayes as the defendant and to Bell by name.

The plaintiff's motion to cite in Bell stated that Bell, as the tenant of the premises, "constitutes a necessary party to the present action because he may have been the party in possession and control of the subject premises and the subject defect, and responsible for the injuries and damages sustained by the plaintiff." After the court granted the plaintiff's motion, the plaintiff filed (1) an amended complaint, dated June 25, 2020, and (2) a second amended complaint, dated September 3, 2021, both of which directed one count to the defendant and one count to Bell. Because the plaintiff thereafter withdrew the present action against Bell, we refer solely to the allegations set forth in count one of the second amended complaint throughout this opinion.

[2] We address the plaintiff's claims in a different order than they are set forth in her principal appellate brief.

Accordingly, we affirm the summary judgment of the trial court.

The following facts, which are undisputed, and procedural history are relevant to our resolution of this appeal. At all relevant times, the defendant owned a two-story residential building located at 103 Judson Avenue in New Haven (premises). In September, 2017, pursuant to a residential lease agreement (lease agreement), the defendant was leasing the first floor apartment of the premises to Eugene Bell.[3] Outside of the first floor apartment, there is a single stair that leads from the sidewalk to the front porch entryway.[4] There is a lighting fixture installed on the ceiling of the front porch, and the light switch that operates the lighting fixture is located inside of the first floor apartment, which was leased to Bell.

On September 14, 2019, the plaintiff commenced the present action against the defendant. In her second amended complaint, dated September 3, 2021 (i.e., the operative complaint), the plaintiff alleged that, on September 17, 2017, at approximately 8:30 p.m., Bell permitted her to enter onto the premises and she tripped and fell on the front porch stairway of the premises, sustaining injuries as a result. The plaintiff further alleged that (1) she fell because "there existed a defective, unsafe, dangerous, and/or hazardous condition in that there were improper, damaged, and/or neglected lighting fixtures installed on or about the exterior of [the] premises, which failed to sufficiently illuminate

---

[3] The lease agreement in effect at the time of the alleged slip and fall, which both parties submitted as an exhibit in their respective summary judgment filings, reflects that the lease term began on September 1, 2017, and ended on August 31, 2018.

[4] In the defendant's affidavit submitted in support of her motion for summary judgment, filed on September 8, 2021, she averred that the second floor apartment was accessed through the rear of the building. This averment went unrebutted.

the external stairway of the premises" and (2) the defective lighting constituted a breach by the defendant of her duty to use reasonable care to keep and to maintain the premises in a reasonably safe and good condition. On December 13, 2019, the defendant filed an answer denying the plaintiff's material allegations and asserted a special defense alleging that the plaintiff's injuries, losses, and damages were caused by her own carelessness and negligence.[5] On January 21, 2020, the plaintiff filed a reply denying the defendant's special defense.

On September 8, 2021, the defendant filed a motion for summary judgment, arguing that there were no genuine issues of material fact that (1) she did not maintain control of the allegedly defective lighting fixture, such that she owed no duty of care to the plaintiff to ensure that the front porch light was adequately lit, (2) the lighting on the front porch did not constitute a defective condition, and (3) she was not on notice of the allegedly defective condition. Attached to the defendant's supporting memorandum were various exhibits, including (1) the lease agreement, (2) the defendant's supporting affidavit, (3) a photograph of the front exterior entryway of the premises, and (4) a transcript excerpt from the deposition of the plaintiff.

On November 24, 2021, the plaintiff filed a memorandum in opposition to the defendant's motion for summary judgment, attached to which was the lease agreement only. The plaintiff argued that the defendant was

---

[5] The defendant's answer and special defense were directed to the plaintiff's original complaint dated September 9, 2019. The defendant did not plead further. See Practice Book § 10-61 ("When any pleading is amended the adverse party may plead thereto within the time provided by Section 10-8 or, if the adverse party has already pleaded, alter the pleading, if desired, within ten days after such amendment or such other time as the rules of practice, or the judicial authority, may prescribe, and thereafter pleadings shall advance in the time provided by that section. If the adverse party fails to plead further, pleadings already filed by the adverse party shall be regarded as applicable so far as possible to the amended pleading.").

not entitled to summary judgment because genuine issues of material fact existed as to "(1) whether the defendant retained control of the subject property, including the exterior entryway/light fixtures, (2) whether the lease agreement between [the defendant] and . . . Bell expressly stated the terms of control over the subject property, including the exterior entryway/light fixtures, (3) whether the [lease agreement] unambiguously conveyed [to Bell] control over the part of the property at issue in this case, and (4) whether . . . the defendant . . . was charged with notice, actual or constructive, of the defect causing injury to the plaintiff, as alleged."

On January 20, 2022, the court, *S. Richards, J.*, heard argument on the defendant's motion for summary judgment. On March 10, 2022, the court granted the defendant's motion for summary judgment and, on April 21, 2022, denied the plaintiff's subsequent motion to reargue/reconsider and for articulation. This appeal followed. Additional procedural history will be set forth as necessary.

I

We preliminarily address the plaintiff's claim that the trial court, in granting the defendant's motion for summary judgment, committed error in failing to provide an oral or written statement of decision containing its conclusion as to each claim of law raised by the parties and the factual basis therefor. We agree that the court committed error in this regard.[6]

---

[6] The plaintiff raises a separate claim challenging the denial of her motion to reargue/reconsider and for articulation, contending that, in denying that motion, the court compounded its initial failure to articulate the basis of its summary judgment rendered in the defendant's favor. Insofar as the plaintiff moved for articulation prior to filing her appeal and now seeks our review of the trial court's denial thereof, we cannot afford such review. See *Brycki* v. *Brycki*, 91 Conn. App. 579, 593–94, 881 A.2d 1056 (2005) (Practice Book § 66-7 affords review of decision on motion for articulation filed pursuant to Practice Book § 66-5 only, which motion may be filed only *after* appeal has been filed); see also *Swanson* v. *Groton*, 116 Conn. App. 849,

The following additional procedural background is relevant to our resolution of this claim. On March 10, 2022, the court, *S. Richards*, *J.*, granted the defendant's motion for summary judgment by way of a one word order that simply stated: "GRANTED." On March 28, 2022, the plaintiff filed a motion to reargue/reconsider and for articulation of the court's ruling, to which the defendant filed an objection on April 8, 2022. On April 21, 2022, the court denied the plaintiff's motion on the ground that "the court's [March 10, 2022] ruling speaks for itself."

The plaintiff filed a notice of intent to appeal on March 28, 2022, and her case proceeded against Bell until it was withdrawn on August 2, 2023. Thereafter, the plaintiff filed this appeal on August 21, 2023. On September 6, 2023, pursuant to Practice Book § 64-1 (b), the plaintiff filed a notice with this court seeking a statement of decision by the trial court on the ground that the trial court had failed to comply with § 64-1 (a). In response, on September 21, 2023, the court, *Abrams*, *J.*, issued an order wherein it stated: "Judge Sybil Richards has retired and is unavailable to provide a decision."

Practice Book § 64-1 (a) mandates, inter alia, that the judicial authority "state its decision either orally or in writing" when "making any . . . rulings that constitute a final judgment for purposes of appeal under Section 61-1,[7] including those that do not terminate the proceedings. The court's decision shall encompass its conclusion as to each claim of law raised by the parties and

865–66, 977 A.2d 738 (2009) (declining to review appellant's claim challenging trial court's denial of motion for articulation filed prior to appeal). Even if we were to consider the plaintiff's claim, however, the claim would be without merit because, as we conclude herein, the court's failure to issue an oral or written statement of decision does not preclude our review of the plaintiff's claims on the merits.

[7] Practice Book § 61-1 provides: "An aggrieved party may appeal from a final judgment, except as otherwise provided by law."

the factual basis therefor. If oral, the decision shall be
recorded by an official court reporter or court recording
monitor, and, if there is an appeal, the trial court shall
create a memorandum of decision for use in the appeal
by ordering a transcript of the portion of the proceed-
ings in which it stated its oral decision. The transcript
of the decision shall be signed by the trial judge and
filed with the clerk of the trial court. . . ."[8] (Footnote
added.)

Practice Book § 64-1 (b) provides: "If the trial judge
fails to file a memorandum of decision or sign a tran-
script of the oral decision in any case covered by subsec-
tion (a), the appellant may file with the appellate clerk a
notice that the decision has not been filed in compliance
with subsection (a). The notice shall specify the trial
judge involved and the date of the ruling for which no
memorandum of decision was filed. The appellate clerk
shall promptly notify the trial judge of the filing of the
appeal and the notice. The trial court shall thereafter

[8] Practice Book § 6-1 (a), the Superior Court counterpart to Practice Book
§ 64-1 (a), similarly mandates that "[t]he judicial authority shall state its
decision either orally or in writing" when "making any . . . rulings that
constitute a final judgment for purposes of appeal under General Statutes
§ 52-263, including those that do not terminate the proceedings. The judicial
authority's decision shall encompass its conclusion as to each claim of law
raised by the parties and the factual basis therefor. If oral, the decision shall
be recorded by an official court reporter or court recording monitor and,
if there is an appeal, the trial judge shall create a memorandum of decision
for use in the appeal by ordering a transcript of the portion of the proceedings
in which it stated its oral decision. The transcript of the decision shall be
signed by the trial judge and filed in the trial court clerk's office."

General Statutes § 52-263 provides in relevant part: "Upon the trial of all
matters of fact in any cause or action in the Superior Court, whether to the
court or jury, or before any judge thereof when the jurisdiction of any action
or proceeding is vested in him, if either party is aggrieved by the decision
of the court or judge upon any question or questions of law arising in the
trial, including the denial of a motion to set aside a verdict, he may appeal
to the court having jurisdiction from the final judgment of the court or of
such judge, or from the decision of the court granting a motion to set aside
a verdict . . . ."

comply with subsection (a).'' This court has explained that the purpose of Practice Book § 64-1 is "to help create an adequate record for appellate review." *Russo* v. *Thornton*, 217 Conn. App. 553, 570 n.22, 290 A.3d 387, cert. denied, 346 Conn. 921, 291 A.3d 608 (2023); see also *LaBossiere* v. *Jones*, 117 Conn. App. 211, 215–16, 979 A.2d 522 (2009). Practice Book § 64-1 also may serve to reveal whether (1) some controlling decision or principle of law has been overlooked, (2) there has been a misapprehension of facts, or (3) the court did not address a claim of law raised by the movant. See Practice Book § 11-11.[9] The decision contemplated by Practice Book § 64-1 also may aid the parties in their decision-making as to how to proceed with the litigation (or any resolution thereof). Simply put, a trial judge who fails to comply with this obligation when required, and certainly when granting a motion for summary judgment, does a disservice to the parties and any reviewing court.

In the present action, the trial court erred in failing to provide an oral or written statement of decision containing "its conclusion as to each claim of law raised by the parties and the factual basis therefor," as required by Practice Book § 64-1 (a).[10] Nevertheless, the

___

[9] Practice Book § 11-11 provides: "Any motions which would, pursuant to Section 63-1, delay the commencement of the appeal period, and any motions which, pursuant to Section 63-1, would toll the appeal period and cause it to begin again, shall be filed simultaneously insofar as such filing is possible, and shall be considered by the judge who rendered the underlying judgment or decision. The party filing any such motion shall set forth the judgment or decision which is the subject of the motion, the name of the judge who rendered it, the specific grounds upon which the party relies, and shall indicate on the bottom of the first page of the motion that such motion is a Section 11-11 motion. The foregoing applies to motions to reargue decisions that are final judgments for purposes of appeal, but shall not apply to motions under Sections 16-35, 17-2A and 11-12."

[10] In her appellate brief, the defendant appears to argue that the plaintiff has failed to present this court with an adequate record for review because the plaintiff delayed the filing of her Practice Book § 64-1 (b) notice. We note that § 64-1 (b) does not set forth a deadline for the filing of such notice. See Practice Book § 64-1 (b). In any event, the plaintiff filed this appeal on

trial court's noncompliance with this rule of practice does not preclude our consideration of the plaintiff's claims on the merits because our review is plenary; see part II of this opinion; and the precise legal analysis undertaken by the trial court is not essential to this court's review of the issues on appeal.[11] See *DAB Three, LLC* v. *Fitzpatrick*, 215 Conn. App. 835, 844 n.10, 283 A.3d 1048 (2022) (absence of memorandum of decision or transcript signed by trial court did not preclude reviewing court's consideration of appeal because, inter alia, "our standard of review is plenary, and the precise legal analysis undertaken by the trial court is not essential to [this court's] consideration of the issue on appeal" (internal quotation marks omitted)), cert. denied, 345 Conn. 971, 286 A.3d 907 (2023); cf. *Claude* v. *Claude*, 143 Conn. App. 307, 309–12, 68 A.3d 1204 (2013) (under "unique circumstances" of case, reversing denial of plaintiff's motion to open judgment of nonsuit, which was subject to abuse of discretion standard of review, and remanding case for new hearing on motion when trial judge (1) summarily denied motion, (2) did not file memorandum of decision following plaintiff's § 64-1 (b) notice, and (3) retired before complying with order issued by this court requiring compliance with § 64-1). In short, the trial judge's unavailability as a result of her retirement, the plenary standard of review applicable to this appeal, the fact that there is an adequate record for our plenary review, and the interests of judicial economy and fairness to the parties prompt us to proceed with our consideration of the plaintiff's claims on the merits.

August 21, 2023, and filed her § 64-1 (b) notice sixteen days later, on September 6, 2023. Thus, insofar as the defendant asserts dilatory conduct on the part of the plaintiff, we reject that assertion.

[11] We note that, during oral argument before this court, both parties agreed that we could proceed to resolve the merits of the appeal in lieu of a remand for reconsideration of the defendant's motion by a different trial judge.

## II

The plaintiff next claims that the trial court improperly granted the defendant's motion for summary judgment because genuine issues of material fact existed as to whether the defendant owed a duty of care to the plaintiff. We reject this claim.[12]

We begin by setting forth the standard of review and legal principles relevant to an appeal from summary judgment. "The standard of review of a trial court's decision granting summary judgment is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The courts are in entire agreement that the moving party . . . has the burden of showing the absence of any genuine issue as to all the material facts . . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the [nonmoving] party must present evidence that demonstrates the existence of some disputed factual issue. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary."

---

[12] The plaintiff also contends that the summary judgment was improper because genuine issues of material fact existed as to whether (1) the alleged defective condition existed on the portion of the premises at issue and (2) the defendant had actual or constructive notice of the alleged defective condition. Because we conclude that no genuine issues of material fact existed as to whether the defendant owed a duty of care to the plaintiff, we need not resolve these claims.

(Internal quotation marks omitted.) *Doe* v. *Flanigan*, 201 Conn. App. 411, 422–23, 243 A.3d 333, cert. denied, 336 Conn. 901, 242 A.3d 711 (2020). "A material fact is a fact that will make a difference in the result of the case." (Internal quotation marks omitted.) *Fiorelli* v. *Gorsky*, 120 Conn. App. 298, 305, 991 A.2d 1105, cert. denied, 298 Conn. 933, 10 A.3d 517 (2010).

The plaintiff brought this negligence action sounding in premises liability. "In a negligence action, the plaintiff must meet all of the essential elements of the tort in order to prevail. These elements are: duty; breach of that duty; causation; and actual injury." *LaFlamme* v. *Dallessio*, 261 Conn. 247, 251, 802 A.2d 63 (2002). Moreover, "to succeed in a traditional negligence action that is based on premises liability, the plaintiff must prove (1) the existence of a defect, (2) that the defendant knew or in the exercise of reasonable care should have known about the defect and (3) that such defect had existed for such a length of time that the [defendant] should, in the exercise of reasonable care, have discovered it in time to remedy it." (Internal quotation marks omitted.) *Hill* v. *OSJ of Bloomfield, LLC*, 200 Conn. App. 149, 154–55, 239 A.3d 345 (2020).

With respect to the element of duty, it is well established that "[t]he existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant [breached] that duty in the particular situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant. . . . Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual." (Citation omitted; internal quotation marks

omitted.) *Demond* v. *Project Service, LLC*, 331 Conn. 816, 834, 208 A.3d 626 (2019).

Generally, "[t]he test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." (Internal quotation marks omitted.) *Cannizzaro* v. *Marinyak*, 312 Conn. 361, 366, 93 A.3d 584 (2014). "The general rule regarding premises liability in the landlord-tenant context is that landlords owe a duty of reasonable care as to those parts of the property over which they have retained control . . . . [L]andlords [however] generally [do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the tenant." (Internal quotation marks omitted.) *Baldwin* v. *Curtis*, 105 Conn. App. 844, 848–49, 939 A.2d 1249 (2008). "Thus, the dispositive issue in deciding whether a duty exists is whether the [defendant] has any right to possession and control of the property. . . . Retention of control is essentially a matter of intention to be determined in the light of all the significant circumstances. . . . The word control has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Internal quotation marks omitted.) *Sweeney* v. *Friends of Hammonasset*, 140 Conn. App. 40, 50, 58 A.3d 293 (2013). "[P]ossession cannot be fairly construed as anything short of the exercise of dominion and control similar to and in substitution for that which ordinarily would be exerted by the owner in possession." (Internal quotation marks omitted.) *Silano* v.

*Cumberland Farms, Inc.*, 85 Conn. App. 450, 454, 857 A.2d 439 (2004).

As stated previously, the plaintiff's complaint alleged that "there existed a defective, unsafe, dangerous, and/ or hazardous condition in that there were improper, damaged, and/or neglected *lighting fixtures* installed on or about the exterior of said premises, which failed to sufficiently illuminate the external stairway of the premises . . . ." (Emphasis added.) Although the plaintiff frames on appeal the issue of duty in general terms of possession and control of the front porch area containing the lighting fixture at issue, we distill the plaintiff's allegations regarding duty into the following two parts: (1) whether the defendant had a duty to maintain a functioning lighting fixture in the ceiling above the external entryway; and (2) whether the defendant had a duty of assuring actual illumination of that fixture. See *Pergament* v. *Green*, 32 Conn. App. 644, 650, 630 A.2d 615 ("A fundamental tenet in our law is that the plaintiff's complaint defines the dimensions of the issues to be litigated. [T]he right of a plaintiff to recover is limited to the allegations of [her] complaint." (Internal quotation marks omitted.)), cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). We address these in turn.

First, to the extent that the complaint alleged that the lighting fixture was damaged or neglected, it is undisputed that a lighting fixture was installed and that it was operational at all relevant times, and, therefore, we need not reach the issue of whether the defendant had a duty to install and maintain a functioning lighting fixture in the ceiling above the front external entryway. In her affidavit in support of her motion for summary judgment, the defendant averred that the lighting fixture "at all times was operational, in good repair, and capable of providing adequate illumination of the [external] entryway to . . . Bell's first floor apartment" and "was at no time during [her] ownership of [the premises]

inoperable, damaged or neglected." In support of her motion, the defendant also attached a transcript excerpt from the deposition of the plaintiff, which included, inter alia, the following colloquy between the defendant's attorney and the plaintiff:

"Q. Do you have any knowledge of whether or not that light was functional?

"A. No, I do not.

\* \* \*

"Q. Did you ever ask [Bell] whether the light on the porch worked?

"A. No.

"Q. So you don't have any knowledge of whether or not it was a working light bulb in that light?

"A. I had no idea.

"Q. And he never said anything to you about whether the light worked?

"A. No."

Second, concerning whether the defendant had a duty of actual illumination of that fixture, the defendant averred in her affidavit that "Bell had exclusive control over whether the light . . . was activated to provide light to the entry area" and "[t]hat at all times during the tenancy of . . . Bell he paid utilities, including electricity for the first floor apartment . . . and had the ability to light the [external] entryway area at any time he chose to do so."

Having properly framed the issue in two parts, we conclude that the defendant satisfied her burden, as the moving party, of demonstrating that the lighting fixture above the external entryway was, at all relevant times, not damaged or neglected and that Bell retained

exclusive possession and control of the light switch that operated the lighting fixture, as it was located inside of his demised apartment. These evidentiary submissions by the defendant were sufficient to meet her burden of establishing that no genuine issue of material fact exists as to possession and control of the light switch and, therefore, she did not owe a duty to the plaintiff.

We further conclude that, once the burden had shifted to her, the plaintiff did not "present evidence that demonstrates the existence of some disputed factual issue." (Internal quotation marks omitted.) *Doe* v. *Flanigan*, supra, 201 Conn. App. 423. As previously stated in this opinion, the sole evidence provided by the plaintiff in opposing the defendant's motion for summary judgment was the lease agreement, which the defendant also had submitted. The plaintiff argues that, because the lease agreement "only identifies the demised premises as the '[1st] floor' and does not more particularly or specifically define, delineate, describe, or identify the demised premises," there is a genuine issue of material fact as to who retained possession and control of the external entryway. The plaintiff also contends that "the lease [agreement] does not provide or indicate that the front porch area outside the apartment was part of the first floor nor does it provide that the lighting on the front porch area was under [Bell's] control and his responsibility." Instead, in the plaintiff's view, the fact that paragraph 21 of the lease agreement provides that "[Bell] will not block any of the sidewalks, hallways, doorways, or decks (front or back) with anything and [Bell] will not use them except to come and go from [his] residence," demonstrates that the front porch area was not part of the demised premises but rather a common area within the defendant's possession and control because the lease agreement directed what could be done with such area by Bell.

Insofar as the plaintiff focuses her attention on possession and control of the front exterior entryway containing the allegedly defective lighting fixture, the plaintiff misses the mark. As we have explained, the issue here, properly framed, is whether a genuine issue of material fact existed as to possession and control of the illumination of the lighting fixture itself. The plaintiff adduced no evidence to rebut the defendant's evidence demonstrating that whether the lighting fixture was activated was in the exclusive control of Bell, rather than the defendant.[13]

We acknowledge that, "if the terms of control are not express between the parties, the question of who retains control over a specific part of the property is an issue of fact and a matter of intent that can be determined only in light of all the relevant circumstances." *LaFlamme* v. *Dallessio*, supra, 261 Conn. 257. The issue with the plaintiff's reliance on this principle, in conjunction with the fact that the lease agreement does not definitively express that Bell was in possession and control of the external entryway, is that there is no factual dispute that the light switch was located inside Bell's apartment.

In sum, we conclude that there is no genuine issue of material fact that the defendant did not exercise possession and control of the illumination of the otherwise operational lighting fixture in the front exterior entryway and, therefore, did not owe a duty of care to

---

[13] To the extent that the plaintiff suggests that the defendant had a duty to install a lighting fixture that turned on automatically when it became dark or with motion, rather than one that was operated by a light switch inside of Bell's apartment, we reject this notion. The plaintiff has cited no legal authority or evidentiary submission (e.g., a contractual obligation, a building or housing code provision, or other legislative fiat) to support a contention that the defendant had a duty to install sensored or timed exterior lighting, and we decline to impose such a duty, as a matter of law, on the defendant.

the plaintiff. Accordingly, the court properly rendered summary judgment in favor of the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.