J-A05036-22

2022 PA Super 97

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM R. LANDIS JR. | : | No. 611 MDA 2021 |

Appeal from the Order Entered April 16, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0005405-2009

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

DISSENTING OPINION BY KUNSELMAN, J.:                **FILED MAY 26, 2022**

Initially, I would find that the Commonwealth waived its challenge to the trial court's discretionary ruling.  On the merits, I would find that the trial court properly considered the issue that William R. Landis, Jr. raised in his post-sentence motion for a new trial and did not abuse its discretion by granting the motion.  Finally, even if the trial court did not apply the correct standard, I would remand for it to do so.  Therefore, I respectfully dissent.

The preeminent issue throughout this case's extensive history has been whether Landis had the requisite mental state for murder of the first degree. At this second trial, both sides presented evidence and argument to the jury about the diminished-capacity defense, which would demonstrate that Landis was intoxicated to an extent that he was unable to form the requisite intent. ***Commonwealth v. Mason***, 130 A.3d 601, 630 (Pa. 2015) (citing

_____

[*] Former Justice specially assigned to the Superior Court.

*Commonwealth v. Spotz*, 896 A.2d 1191, 1218 (Pa. 2006)). Notably, if Landis had already formed the specific intent to kill **before** becoming intoxicated, this defense would fail. *See Commonwealth v. McMurray*, 47 A. 952, 953–54 (Pa. 1901) (approving a jury instruction that once a defendant forms "the specific purpose to kill," his subsequent voluntary intoxication does not prevent a conviction for murder of the first degree).

The Commonwealth's forensic psychiatrist, Dr. John O'Brien, testified directly to the key issue of whether Landis could and did possess the intent to kill. Dr. O'Brien concluded that Landis was capable of forming the intent to kill. N.T., 9/15/20, at 1140. Dr. O'Brien based his conclusion in part on investigative interviews of the two Florida hotel witnesses, which he claimed documented that Landis discussed his intention to kill and said he was going to shoot his wife. *Id.* at 1138, 1146. Dr. O'Brien continued:

> So there's an awful lot there that indicates that [Landis] did have a presence of mind, an awareness of the gun and did use the gun in a manner that reflected that it was shot a number of times, not just once as you would expect to see in an accidental gun discharge, and that the victim was a moving victim so that it required moving of the gun, and the aim improved with each shot.
>
> And so in my opinion, there is evidence that is consistent with the shooting being an intentional act. But that's not my assessment to perform. That's not my opinion to render.

*Id.* at 1146. The jury convicted Landis of murder of the first degree.

Landis filed a post-sentence motion in which he argued that the evidence demonstrated that he did not have a specific intent to kill the victim, detailing why his own expert Dr. Larry Rotenberg's testimony was better supported

than Dr. O'Brien's. He challenged Dr. O'Brien's testimony, which was the only time that the jury heard the unsupported assertion that Landis had previously expressed an intention to shoot his wife.[1] The trial court heard argument and granted a new trial on exactly this basis.

As a threshold matter, I would find that the Commonwealth waived its issue. In its brief, the Commonwealth conflates the standards for challenges to the sufficiency and to the weight of the evidence, as well as a harmless-error standard. Commonwealth's Brief at 21–29 (arguing that the weight of the evidence, including Dr. O'Brien's testimony, was "sufficient" and that his inaccuracy was harmless error because the jury could infer intent from the other evidence). Landis cogently argues that we should find waiver based on the same defect in the Commonwealth's statement of matters complained of on appeal. Landis' Brief at 9–11. I would find that by failing to indicate how the trial court abused its discretion, the Commonwealth has not properly framed its issue for our review. *See Commonwealth v. Rogers*, 259 A.3d 539, 541–42 (Pa. Super. 2021) (finding a challenge to a trial court's ruling on

---

[1] The Majority emphasizes that when Dr. O'Brien testified, the jury had already heard the witnesses whose police statements he described. Majority Opinion, at n.7. However, the jury could not glean from the witnesses' testimony what they had told the police—Ms. Brown did not remember, and Ms. Johnson was not asked. N.T., Trial Vol. II, 9/10/20, at 502 ("Q. You gave a statement to [the detectives]? A. I don't remember what I said; but, yes, I do. I think I did. I don't remember."); *id.* at 533 (addressing only the setting of the police interview, not the contents). Both were excused before Dr. O'Brien testified. Dr. O'Brien's testimony was the only evidence before the jury of what Ms. Brown and Ms. Johnson told police.

a weight-of-the-evidence claim to be meritless where the appellant did not argue that the court abused its discretion).[2]

Conversely, I would find that Landis preserved his challenge to the weight of the evidence. Landis filed a timely post-sentence motion, in which he detailed why the weight of the competing experts was in his favor on the specific issue of diminished capacity. *See* Pa.R.Crim.P. 607(A)(3) (providing for challenges to the weight of the evidence to be raised in a post-sentence motion). He noted defects in Dr. O'Brien's testimony and argued that the weight of the evidence favored Landis. N.T., 2/11/21, at 8–11, 21. The trial court granted Landis' motion for a new trial based on these arguments. Because Landis argued a specific issue, which the trial court addressed, he preserved his challenge. *Cf. Commonwealth v. Widmer*, 689 A.2d 211 (Pa. 1997) (finding a challenge to the weight of the evidence to be preserved where the trial court addressed it, despite the defendant not filing a post-sentence motion).

Accordingly, I would find that the trial court did not abuse its discretion. Rather, it properly assessed the specific challenge that Landis raised. Whether to grant a new trial based on the weight of the evidence is within the trial court's sound discretion:

_____

[2] Although the Commonwealth correctly stated that the standard of review is abuse of discretion, it never argued how the trial court's decision overrode or misapplied the law or how the trial court's judgment was manifestly unreasonable or was the product of partiality, prejudice, bias, or ill-will.

> [O]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice. A new trial is warranted in this context only when the verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

***Commonwealth v. Smith***, 181 A.3d 1168, 1187 (Pa. Super. 2018) (citations omitted).

In this context,

> the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. ***Tibbs*** [***v. Florida***, 457 U.S. 31, 38 n.11 (1982)].[fn3] . . . A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. [***Commonwealth v.***] ***Thompson***, [648 A.2d 315 (Pa. 1994)]. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." ***Id.***

> [footnote 3] In ***Tibbs***, the United States Supreme Court found the following explanation of the critical distinction between a weight and sufficiency review noteworthy:

> > When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different.... The [trial] court need not view the evidence in the light most favorable to the verdict [winner]; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new

> trial, and submit the issues for determination by another jury.
>
> *Tibbs*[,] 457 U.S. at 38 n.11[,] *quoting* *United States v. Lincoln*, 630 F.2d 1313 ([8th Cir.] 1980).

*Commonwealth v. Widmer*, 744 A.2d 745, 751–52 (Pa. 2000). Indeed, "it is not only a trial court's inherent fundamental and salutary power, but its duty to grant a new trial when it believes the verdict was against the weight of the evidence and resulted in a miscarriage of justice." *Sprang & Co. v. U.S. Steel Corp.*, 545 A.2d 861, 866 (Pa. 1988) (quoting *Thompson v. City of Phila.*, 493 A.2d 669, 672 (Pa. 1985)). While the credibility of witnesses is "primarily" a determination for the jury, "when the trial court is satisfied that the jury's verdict was based on incredible or unbelievable evidence, the court is obligated to grant a new trial." *Houseknecht v. Walters*, 590 A.2d 20, 24 (Pa. Super. 1991) (citing *Gougher v. Hansler*, 130 A.2d 150 (Pa. 1957)).[3] Finally:

> Regarding the "abuse of discretion" standard of review, [the Pennsylvania Supreme] Court has explained that the term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the [trial] judge. Absent an abuse of that discretion, an appellate court should not disturb a trial court's discretionary ruling. An appellate court will not find an abuse of discretion based on a mere error of judgment, but rather ... where the [trial]

---

[3] *Houseknecht* quoted *Commonwealth v. Farquharson*, 354 A.2d 545, 550 (Pa. 1976), to illustrate that review of jury determinations of credibility is inherent in only the trial court's task in ruling on a motion for a new trial, not in appellate review of that ruling. Although *Farquharson* has since been held to pertain to a **sufficiency** claim, *Commonwealth v. Brown*, 52 A.3d 1139, 1157 n.18 (Pa. 2012), its logic stays true as underpinning a **weight** claim.

court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

Importantly, an appellate court should not find that a trial court abused its discretion merely because the appellate court disagrees with the trial court's conclusion. Indeed, when reviewing the trial court's exercise of discretion, it is improper for an appellate court to "step[ ] into the shoes" of the trial judge and review the evidence *de novo*. In other words, an appellate court may not disturb a trial court's discretionary ruling by substituting its own judgment for that of the trial court.

*Commonwealth v. DiStefano*, 265 A.3d 290, 297–98 (Pa. 2021) (citations and quotation marks omitted).

Here, the trial court observed the entire proceeding and understood that whether Landis could and did form the specific intent to kill was the central issue of the case. Opinion, 4/16/21, at 4 ("This court . . . knows this case better than any other one presided over in the last twenty-nine years on the bench."); *id.* at 2, 5 (summarizing defense at trial). The court described the weight of the testimony from Dr. Rotenberg and Dr. O'Brien, the two experts who addressed this central issue. *Id.* at 2–4. The court found six defects with Dr. O'Brien's presentation: (1) he did not retain his notes, (2) he misled the jury about his reasons for doing so, (3) he falsely testified that Landis had told the Florida hotel witnesses that he intended to shoot his wife, (4) he had framed this evidence in the context of the jury's crucial determination in this case, (5) his report was never admitted into evidence, and (6) he falsely testified about the order of shots and that Landis improved his aim. Trial

Court Opinion, 6/29/21, at 11–14. The trial court concluded that these defects unfairly surprised and prejudiced Landis. *Id.* at 16.

Nothing here reflects that the trial court abused its discretion. *DiStefano*, *supra*. Although the trial court did not use formulaic terms like "miscarriage of justice" or "shocks one's sense of justice," it assessed the effect on justice of the key expert testimony that the Commonwealth and Landis presented. Indeed, it is hard to read the court's conclusion that after "Dr. O'Brien misled the jurors with lies, speculation, and undocumented opinions," they "were unable to make a knowing decision based on the facts, the evidence, and the expert reports," which caused an unlevel "playing field" as anything **but** a finding of a miscarriage of justice that shocks the conscience of the trial court. *See Houseknecht*, *supra* (obligating a trial court to grant a motion for a new trial based on the weight of the evidence when it finds "that the jury's verdict was based on incredible or unbelievable evidence"). Therefore, I would find that the trial court did not abuse its discretion.

Finally, even if the trial court did not apply the correct standard when it granted Landis a new trial, the appropriate remedy would be to remand for the trial court to apply the correct standard. It is not to simply reverse the grant of a new trial and reinstate the judgment of sentence. Based on our standard of review, when a trial court does not apply the correct standard in evaluating a weight-of-the-evidence claim, our role is to remand with directions to determine whether the jury verdict shocks the trial court's sense of justice. *Commonwealth v. Sullivan*, 820 A.2d 795, 807 (Pa. Super.

2003) (citing **Widmer**, 744 A.2d 745, and **Commonwealth v. Brown**, 648 A.2d 1177 (Pa. 1994)).

For these reasons, I respectfully dissent.